GEORGE BLIZZARD, Adm'r OF GEORGE P. MERRYMAN *vs.* JACOBS, Adm'r OF JOHN JACOBS.—*Dec.* 1830.

The object of the act of 1825, *ch.* 167, throughout, is to prevent an accumulation of costs.

M and J gave their joint and several single bill, upon which an action was brought against the administrator of J. The defendant moved the court for

a non-suit under the act of 1825, *ch.* 167, suggesting, that M was alive, and within the county at the institution of the suit. The County Court decided that a motion was a proper mode of bringing the question before the court, and awarded a non-suit. HELD, upon appeal, that the act of Assembly had no application to the case.

Where two obligors united in a bond, and one of them is dead, the 1st section of the act of 1825, *ch.* 67, does not prohibit separate actions against the survivor, and the representative of the deceased; nor does it apply where only one suit has been brought, although all the obligors are alive, and reside in the same county.

Where the obligors are all alive and reside in the same county, and the obligee elects to sue one of them only, he cannot bring another suit afterwards against the others, without being subject to a non-suit.

The office of the 2d section of the act of 1825, *ch.* 167, is to provide for the case of the death of one or more joint and several obligors, where the judgments being different, the surviving obligor or obligors cannot be united in the same action with the representative of the deceased obligor or obligors. There the creditor at his election may have one or two suits, one against the survivor, and another against the representative. Yet if there be more than one survivor living in the same county, he is as to them, restrained to one suit.

Where obligors live in different counties, the creditor may sue on both, or either, at his election. He is however restricted, as to original parties to his bond, to one suit in each county.

APPEAL from *Baltimore* County Court.

This was an action of *Debt,* brought on the 15th September, 1826, by the appellant, against the appellee, on the following single bill:

"Twelve months after date, we or either of us, do promise to pay or cause to be paid unto *George P. Merryman,* his heirs or assigns, the just sum of $400, it being for value received of him. Witness our hands and seals, the 25th June, 1808.

*Martico Merryman,* (SEAL.)

*John Jacobs,* (SEAL.)"

The writ was returnable to *September* term, 1826, at which term, the defendant appeared and laid a rule on the plaintiff to declare. During that term, the plaintiff filed his declaration, and the single bill aforesaid; and at *March* term, 1827, laid a rule on the defendant to plead. The cause was continued to *September,* 1827, at which term the

defendant moved the court to non-pros the action, upon the ground that the obligation on which the suit was founded, was executed by the defendant's intestate, in his life-time, together with a certain *Martico Merryman*. That *Merryman* survived the intestate, is still living, and now resides in *Baltimore* county, and that no suit or other proceeding was ever instituted against *Merryman,* upon the obligation aforesaid.   This motion was accompanied by the defendant's affidavit to the facts.   At the succeeding term, (March, 1828.) The County Court (HANSON and KELL, A. J.) decided:

1. That the truth of the facts upon which the motion was grounded, might be inquired into by the court, without the intervention of a jury.

2. That the evidence then offered, established the facts of the motion.

3. That under the act of 1825, *ch.* 167, the action must be non-prossed.

The plaintiff excepted to this judgment of the court, upon the following grounds:

1. Because the plaintiff ought to have pleaded the matters stated in the motion and evidence, and thus given the defendant the opportunity of trying the truth of the facts before a jury, or of replying thereto, and avoiding the effect of those facts by replication.

2. Because the motion was made too late, and should have been made at the appearance term, and before the rule to plead was laid.

3. That it was a motion in abatement upon merely technical grounds.

4. Because this action was not in opposition to the provisions of the act of 1825, which gives no authority to dismiss the action when only one suit has been brought.

The judgment of the County Court being for the defendant, the plaintiff appealed to this court.

The cause was argued before BUCHANAN, C. J., EARLE, MARTIN, and STEPHEN, J.

*Gwynn,* for the appellant, contended, that the judgment of the County Court should be reversed for the reasons urged before the County Court. He cited, 1 *Chitty's Plead.* 215, *United States vs. Fisher,* 2 *Cranch* 386, 390. *The Mayor, &c. vs. Moore and Johnson,* 6 *Harr. and Johns.* 381. *Few vs. Marsteller,* 2 *Cranch,* 24. *Hall vs. Jacobs,* 4 *Harr. and Johns.* 245.

He also contended under the 4th reason, that the act of 1825 does not apply to any bill or obligation made before the passage of that act. That it did not prohibit a separate suit against any one of two or more obligors, or the legal representatives of any one of two or more obligors bound jointly and severally, if no other suit or action is brought on the same obligation. That there is no provision in the act expressly requiring or authorising the court to non-pros an action under the circumstances of this case.

*J. Scott,* and *R. N. Martin,* for the appellee, contended:

That under the act of 1825, *ch.* 167, the obligee might sue the surviving obligor, without suing the representative of the deceased. But if he sues the representative of the deceased obligor as in this case, he must also sue the survivor. The obligor has an option in one case, none in the other. The legislature intended that there should at any rate, be a proceeding against the survivor, in order that the representative of the deceased, if he was a surety and made to pay the money, should have an assignment of the judgment against the principal. Upon the construction of this act, they cited *Schooner Paulina vs. United States,* 7 *Cranch,* 52.

The objection that existing bonds are not embraced by the act of 1825, was not raised in the County Court; the point cannot be reviewed here. But the act does extend to such a bond, and it was competent for the legislature to pass it. It takes away no right; it merely regulates a remedy. The defence could not have been pleaded in bar. It was

no bar. It does not deny the cause of action, nor shew it to have been avoided. It could not be pleaded in abatement; that goes to the writ. Here the writ was right. It was a mere irregular proceeding, and a motion was the proper mode of correcting it. 1 *Tidd Pr.* 139. 1 *Sellon Pr.* 101.

The objection was not too late. The rules of *Baltimore* County Court are not in the record, and therefore even if forbidden by them, the court cannot enforce them. 6 *Harr. and Johns.* 273.

But the objection is not one of mere form. It is a substantial one. The statute avoids the writ, and therefore the objection cannot be considered as waived. The objection may be made by motion. 1 *Tidd* 149. 3 *East.* 155. *King vs. Horne,* 4 *Durn and East.* 349.

The non-pros was the proper entry for proceeding, contrary to the act in the 2d, as well as in the 3d *sec.* The proceedings are at all events to be set aside, which is equivalent to a non-pros.

Under the act of 1825, all obligations are to be considered as joint, except as there provided; that is, when they reside in different counties, or one of the obligors is dead. The inconvenience of a law is no objection to it, if constitutional. 1 *Kent Com.* 419 *to* 431. *The People vs. Utica Insurance Company,* 15 *Johns.* 358. *Sickles vs. Sharp,* 13 *Johns.* 497. 4 *Harr. and McHen.* 165. *Union Bank vs. Ridgely,* 1 *Harr. and Gill,* 324.

BUCHANAN, C. J., delivered the opinion of the court.

This case depends upon the construction of the act of 1825, *ch.* 167.

The suit was brought on a joint and several single bill against the administrators of one of the obligors, the other obligor being alive at the time; and on motion, a judgment of *non-pros* was rendered, an affidavit being filed in court of the fact, that the other obligor was living, and that no process had been sued out or served upon him.

The title of the act of 1825, *ch.* 167, is "an act to prevent the unnecessary accumulation of costs in civil suits;" and that is the object of the act throughout. The *first* section provides, that it shall not be lawful to institute more than one suit on a joint and several bond, penal or single bill, when the persons executing the same are *alive*, and *reside in the same county*, and that if more than one suit be instituted on any such bond, penal or single bill, judgment of *non-pros* shall be entered against the plaintiff or plaintiffs, in such suits.

In this case, both of the persons, executing the single bill on which the action was brought, were not alive at the time of instituting the suit, and if there had been at the same time, another action against the surviving obligor, it would not have been within the prohibition to institute more than one suit on a joint and several bond, penal or single bill, when the persons executing the same are alive. That prohibition being confined to the case of all the obligors being alive, without providing for the case of one or more being *dead*, and leaving to the obligor, besides his suit against the survivor or survivors, the liberty to sue also the representatives of the deceased obligor or obligors; nor is it within the provision, that if more than one suit be brought on any such bond, &c. judgment of *non-pros* shall be entered, there being but one suit. It is clearly then wholly unaffected by the first section; the words such bond, &c. in the first section, have reference to the case before mentioned, of all the obligors being alive. And though in such cases, not more than one suit is permitted to be brought, yet no obligation is imposed upon the obligee to sue all the obligors, (which by such a multiplication of parties, might produce an unnecessary accumulation of costs, contrary to the intention of the legislature,) but he may sue one only, if he pleases. If, however, he does so, it is at his own risk, and having made his election, he cannot afterwards bring another suit without being subject to be non-suited. Provision being thus made by the 1st *sec.* for preventing an

unnecessary accumulation of costs, where all the obligors are alive; the office of the 2d *sec.* is to provide for the case of the death of one or more joint and several obligors, where the judgments being different, the surviving obligor or obligors cannot be united in the same suit, with the representatives of the deceased obligor or obligors.    The language used is, "that if either of the said obligors shall be dead, then and in that case, it shall be the duty of such clerk to docket one action against the surviving obligor or obligors, and if requested so to do by the plaintiff or plaintiffs, or by his, her, or their attorney, it shall be the duty of such clerk to docket also an action against the executors or administrators of such deceased obligor, and to issue a summons, &c. and the same proceedings shall be had, and the same judgment entered thereon, as if separate actions had been brought against each and every obligor, in such joint and several bond, &c." The expressions used, are not very technical, and are somewhat obscure.    But looking to the general object of the law, the saving of costs to the parties, it could not have been the intention of the legislature, to take from a creditor his right of election, which might be exercised with a saving of costs, by bringing only one suit either against the surviving obligor or the representatives of the deceased obligor, as might be deemed most expedient; and to compel him to bring suit, whether he would or not, against a surviving obligor, (as contended for by the counsel for the defendant,) who might be insolvent; with the privilege of suing also at his election, the representatives of the deceased, which might produce a very unnecessary accumulation of costs, contrary to the intention of the legislature, and operate injuriously to the creditor where the surviving obligor is insolvent, and sometimes vexatiously to the surviving obligor, as where he is only a security.    We must search then for the intention of the legislature, which however obscurely expressed, or untechnical the language used, where it can be discovered, ought to be regarded. And keeping that rule in view in the construction of this

act, we think the meaning of it is, not that the clerk must at all events, if one of the obligors be dead, docket a suit against a surviving obligor without directions, and whether the obligee or his counsel wish or not; but that as the surviving obligor and the representatives of the deceased obligor cannot be united in the same suit, and the obligee is entitled to his remedy against both, if he chooses to pursue it, two suits may be brought, one against the representatives of the deceased obligor, and the other against the survivor. And where it is said that it shall be the duty of the clerk to docket *one* action against the surviving obligor or obligors, the meaning is, that whether there be one or more obligors surviving, there shall be but one action against them, and that the creditor shall not be permitted to bring separate actions against the several surviving obligors, which is not provided against by the *first* section, where separate suits are only prohibited in the case of all the obligors being alive and living in the same county. And this view is strengthened by the circumstance, that in the 7th section, making provision for the case of obligors residing in different counties, which is not provided for in the 1st section. Similar expressions are used as to clerks docketting actions. The language of that section is, "that in case the obligors, &c. shall reside in different counties, then and in that case, it may be lawful for the clerk of the County Court to docket one action, &c. against the obligor or obligors in such bond, &c. who reside in the same county, and for the clerk of another County Court, to docket another action, &c. against the obligor or obligors who may reside in that county, &c." The case of obligors residing in different counties, or of some being dead, not being provided for by the *first* section, and the bringing of more than one suit in such a case not being prohibited, the creditor could as before the passing of the act, have brought suits in different counties, or where some were dead, against the survivors, and also against the representatives of the deceased obligors, without the aid of the 2d section; and as it could not have been the

intention of the legislature to drive an obligee to an unnecessary accumulation of costs, by compelling him to bring a useless suit against an insolvent obligor, and thus obliging him to sue also the representatives of the deceased obligor, or by compelling him to sue a surviving obligor who was only a security in the bond, &c. whether he wishes to do so or not; but rather to prevent a useless accumulation of costs, by restraining him from bringing more suits than the nature of the case may absolutely require. The 2d section must be understood as providing only against more suits than one, being brought against the surviving obligors, where there may be more than one; and the 7th section as providing against more suits than one, being brought in any county in which the obligors may reside. When they reside in different counties, no matter how many may reside in either county, the obligee is not required to bring suit in every county in which the obligors may reside, but may, if he chooses, bring one suit only, against such of the obligors as may reside in the same county, although there should be others residing in a different county. The provisions of the 7th section cannot be misunderstood, and the object of both is an unnecessary multiplication of suits, and the consequent accumulation of costs in the two cases not provided for by the 1st section. The one where some of the obligors are dead, and the other where they reside in different counties. We therefore think that the judgment of non-suit ought not to have been rendered.

**JUDGMENT REVERSED AND PROCEDENDO AWARDED.**