(Decided November 25th 1864.)

---

# HENRY HARRISON KNIGHTON *vs.* MARIA YOUNG AND ADELINE JANE YOUNG.

PRACTICE IN EQUITY: DOWER.—The mere fact that an estate may be subject to dower, does not in the absence of all adverse claim thereto, authorize parties to make a case, to elicit the decision of the Courts, upon points which are only potential and not actual.

Knighton *vs.* Young et al.

Dower, Assignment of: Jurisdiction in Equity.—In a bill in Equity filed by the heir at law, for the assignment of dower to the widow of a deceased ancestor, there was no positive allegation of the seisin of the deceased during his coverture with said widow in the real estate out of which the dower was sought to be assigned.—Held:

1st. That in the absence of this material allegation there was no subject-matter to give jurisdiction to the Court as a bill for the assignment of dower.

2nd. That it is not enough that Courts of Equity have concurrent jurisdiction generally with Courts of Law in matters of dower, (of which there is no doubt,) but there must be a foundation laid to authorize the Court to exercise its jurisdiction, before a complainant can invoke its aid.

Injunction, and Appointment of Receiver.—The prayer of the said bill was also for an injunction and the appointment of a receiver, but contained no allegation that the rents, issues and profits of the real estate supposed to be subject to dower, will be lost, irretrievably, by reason of the insolvency of those receiving them; or that the complainant has not adequate remedy at law for such of the rents, &c., as he may be entitled to; or how, or in what manner such rents, &c. are jeopardized.—Held:

That assuming that there was a subject-matter for the Court to act upon, the allegations of the bill were not such as to require the issuing of an injunction or the appointment of a receiver.

Will, Construction of: Dower.—The first clause of a will indicates that the testator was then dealing with all his estate; the second clause devised to his wife "in lieu and satisfaction of *all her dower and other right therein,*" certain houses named.—Held:

That it was thereby clearly intended to debar the wife of dower in the whole of the testator's real estate.

Appeal from the Equity side of the Superior Court of Baltimore City.

The bill in this case was filed on the 22nd of September 1864, by the appellant, who was a grand-child, and one of the devisees of William Young, deceased, whose widow, Maria Young, is one of the defendants. The appellant was also a nephew and the heir at law of William H. Young, deceased, whose widow, Adeline Jane Young, is also one of the defendants.

The bill states, that William Young, of Baltimore City, died on or about the 26th day of October 1857;—that he left a last will and testament, which was duly admitted to probate in the Orphans' Court for Baltimore

City;—that by the second clause of his said will, the said testator did give and bequeath unto his wife, Maria Young, (one of the defendants,) in lieu and satisfaction of all her dower and other right therein, for and during her natural life, certain leasehold property, in the said will particularly mentioned and described, and also all and singular, the household furniture;—that the said Maria, since the death of her said husband, has been in the full enjoyment of the estate so bequeathed;—that by the fifth clause of his will, said testator gave unto his son, William H. Young, certain real estate, situate and lying in the City of Baltimore, in trust for the complainant, as therein mentioned;—that by the fourth clause of said will said testator gave to his son William H. Young, all the rest and residue of his estate, real and personal;—that the said William H. Young died on or about the 22nd day of June 1864, leaving no issue living at the time of his death, but leaving a widow, Adeline J. Young, (one of the defendants,)—that he died intestate, and that the complainant is his sole heir at law.

The bill further states, that the complainant does not design to bring into this suit the real estate devised in trust as aforesaid, as he will account to the said Maria, in some other suit, for her dower therein;—nor the real estate of which William H. Young died seized, as he will account to the said Adeline, for her dower therein, in some other suit or proceeding.

The bill charges, "That said Maria Young claims, that by the true construction of the said will, she is not debarred of her dower in the real estate of her said husband, and that if she is entitled in law, according to the opinion of this Court, that the said real estate may be cleared of said claim."

The bill further charges, "That the object of this suit therefore is to ascertain, allow, set-off, and settle the dower of the said Maria, if any she have, and the dower

of said Adeline in the real estate of the said William H. Young, devised as aforesaid, other than said trust estate, and for the appointment of a receiver.''

The bill prays, that a construction may be put on said will by this Court, as far as the purposes of this suit may require it, and that the defendants may set forth fully their rights, claims, and pretensions, as if specially interrogated; and that the complainant, as heir, may be quieted in his title, because he fears a cloud thereon, without this suit, from one or both of the said claims of dower; and that a receiver of all the real estate of William Young, which he devised to his son William H. Young, except such as was devised in trust, as aforesaid, may be appointed, pending the opinion of this Court, upon the construction of said will, and until the dower, or dowers are assigned by this Court,—and that the defendant may be enjoined by injunction from instituting any action or suit for their dowers, and from collecting any of the rents of said real estate.

At the time of the filing of the bill, Maria Young filed her answer, admitting the facts stated in the bill, ''and claims her dower in all the real estate of her husband, from the day of his death, and all the rents of said property; but as to the real estate devised in trust, will settle her claims in some other suit, as proposed by the complainant.''

The Court below, (MARTIN, J.,) refused to grant the relief prayed, overruled the application for an injunction, and the appointment of a receiver, and dismissed the bill of complaint. The complainant appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, and COCHRAN, J.

*Edward Otis Hinkley,* for the appellant.

The appellant will contend, that the Superior Court

erred in refusing the injunction and receiver, and dismissing his bill, because:

1st. The Court had jurisdiction under the Code;—title, Chancery, Art. 16; Dower, sec. 30;—and Partition, sec. 99. And see title, Inheritance, Art. 47, secs. 58 and 62. Title, Testamentary Law; Widow, Art. 93, secs. 284 to 288.

Whenever equity has jurisdiction it matters not who are complainants and who defendants, it being essential only that the subject is one cognizable in equity, and that proper parties are before the Court. And it is as much the right of an heir to come into Court to have dower assigned in a case where it is claimed—or else to have the claim set aside,— as it is for a widow to come in to claim it. It is clear that the result must be the same in either way, and no possible injury to the widow can ensue.

2nd. And independently of the Code under equity practice generally. *Kiddall vs. Trimble,* 1 *Md. Ch. Dec.,* 143. *Wells vs. Beall,* 2 *G. & J.,* 468. *Sellman vs. Bowen,* 8 *G. & J.,* 50. *Scott vs. Crawford,* 11 *G. & J.,* 365. *Chase's case,* 1 *Bland,* 214. *Story's Eq. Juris., chapter on Dower,* sec. 624. *Park on Dower,* 317.

The history of the origin of the Chancery jurisdiction in dower seems conclusive on this point. *Shelton vs. Carroll,* 16 *Alabama,* 148, 150. *Wisely vs. Findlay,* 3 *Rand.,* 370. *Moore vs. Waller,* 2 *Rand.,* 418. *Stevens vs. Stevens,* 3 *Dana, (Kentucky,)* 371.

3rd. The Court in this case construed the will and then dismissed the bill, and in this way indeed the object of the complainant may have been in part accomplished, but the jurisdiction ought not to have been denied; for whether Maria Young had any claim or not, the complainant had a right to have the jurisdiction assumed for the purpose of deciding authoritatively and conclusively upon the question. And if the jurisdiction attaches, Courts of

Equity go on to give all relief that the nature of the case requires.

4th. The jurisdiction to settle claims or dispel clouds, and thus to quiet titles, is well settled. *Drury vs. Roberts*, 2 *Md. Ch. Dec.*, 159. *Holland vs. City of Baltimore*, 11 *Md. Rep.*, 197. *Ward vs. Chamberlain*, 2 *Black. U. S.*, 434.

5th. This is a peculiar case, in the nature of a bill of interpleader. For whether the widow Maria has dower or not, she claims it, and until that claim is settled, the heir can do nothing, and he has therefore a right to have it settled in this way. *Angell vs. Haddon*, 15 *Vesey*, 244. If interpleader be the nature of the suit, injunction and receiver must follow, for if the complainant brings the parties here to interplead, he must enjoin their proceedings elsewhere, and then rightly he must tender the funds, that is the rents, to be brought into Court, which having done, the Court must appoint somebody to receive them. To show then that this suit against two widows, is in the nature of an interpleader, let us consider briefly, the principles of dower in case of two successive widows:—

*First.* Then, the senior widow is to be endowed first, and then the junior has one-third of the remaining two-thirds; and

*Secondly.* If the junior widow's husband is entitled by devise or by descent, as in this case, she never can have dower in the one-third first set off, even after the death of the first widow—for her husband never had seizin or possession in contemplation of the law, since the assignment of the dower of the senior widow overrides the devisee's title, and as soon as it is assigned, relates back to the day of the husband's death, and her seizin and possession of her dower land is a continuance of her husband's; and

*Thirdly.* If in such case the junior widow's dower were in a separate suit by her for dower first set off,—the consequences must be that the heir would lose one-ninth

of his inheritance for her life; that is, she would be endowed of too much, her portion being only two-ninths, and the cases show that unless the senior widow be first endowed, the heir cannot set up her dower to defeat the junior's claim.

Plainly then he can do nothing but set out his case before a Court of Equity,—enjoin them both and tender the rents until the dowers can be properly assigned. Cases on two dowers are: *Dunham vs. Osborn*, 1 *Paige C. R.*, 634. *Manning vs. Laboree*, 33 *Maine*, 343. *Young vs. Tarbell*, 37 *Maine*, 509. 1 *Bright on Husband & Wife*, 352, 353. 1 *Washburne on Real Prop.*, 209.

6th. To prevent multiplicity of suits is a sufficient ground of this application. *Lucas vs. McBlair*, 12 *G. & J.*, 12. *Hyde vs. Ellery*, 18 *Md. Rep.*, 496. *Crews vs. Burcham*, 1 *Black. U. S.*, 352.

7th. A discovery of the title deeds and a discovery and account of the rents collected by Adeline are required,— of which grounds of jurisdiction the Superior Court seems to have taken no notice, although discovery was indeed originally the peculiar ground of Chancery jurisdiction in dower cases. Is the equity of the matter altered by the heir's being complainant instead of defendant? It is said to be, "A bad rule which will not work both ways;"—and "Equity delights in equality," and also in doing things "not by halves." *Story's Eq.*, sec. 624. *Park on Dower*, 317. *Hayne's Eq.*, 145.

8th. As to the appointment of a receiver:

If danger to the fund exist, fraud need not be shewn, and indeed except against the legal title, neither fraud nor imminent peril need be shewn. *Speights vs. Peters*, 9 *Gill*, 475. *State vs. Nor. Cen. R.*, 18 *Md. Rep.*, 215. *Chase's case*, 1 *Bland*, 214.

The property being in litigation is sufficient. *Williams' case*, 3 *Bland*, 315. In partnership cases upon dissolution and disagreement, a receiver is of course. *Robinson vs.*

*Whitman,* 21 *Md. Rep.,* 30.   In cases of tenants in common—the better opinion now is, that a receiver may be appointed.   And in all cases where it is not reasonable that either party should collect rents.   6 *Barbour Sup. Ct.,* 597.

9th. As to the propriety of granting an injunction. But even if a receiver be not appointed, at least an injunction ought to be granted against Adeline, to prevent her collecting the rents, for if not, then supposing them to be numerous, a multiplicity of suits must be brought either against her or the tenants, or both.   She has no right to collect rents.   *Park on Dower,* 334.

*Thomas J. Morris,* for the appellee, Maria Young.

This appellee will contend that the Superior Court of Baltimore City erred in deciding that she is not entitled to dower, because:

1st. The proper construction of the word "therein," in the second clause of the will, is that the property given to her by that clause is in lieu of all her rights in that property only, and not in lieu of her rights in the other property of her husband.   Such is the grammatical construction of the sentence, and it is also most reasonable to suppose this to have been the intention of the testator; for that property being leasehold, the defendant's estate for life in it, at her age, would be just about of the same value as her third of it, and the testator left beside this property a very large real and personal estate, out of which he gave his widow nothing.   It is unreasonable to suppose that a mere life-estate, or estate during widowhood, in a small part only of the testator's personal property, was intended to be in lieu of her dower in the whole of his property both real and personal.

In construing wills no ambiguous language can be allowed to defeat the widow's claim of dower, and Courts will not readily construe an inadequate provision to have

been intended as in lieu thereof. It does not appear indeed how much other property the testator had, nor when he acquired it, whether before or after the making of the will. Nor does it appear what knowledge the widow had of the condition of her husband's estate. She had no opportunity of proving any thing concerning the circumstances of her husband's estate, because the bill was dismissed at the hearing of the application for an injunction. Code, Art. 93, sec. 284, &c. *Story's Eq., secs.* 1088, 1095 and 1098. 1 *Roper on Husband & Wife*, 582. *Thomas vs. Wood*, 1 *Md. Ch. Dec.*, 301. *Wake vs. Wake*, 1 *Vesey, Jr.*, 335. *United States vs. Duncan*, 4 *McLean*, 99. *Lasher vs. Lasher*, 13 *Barbour*, 106. *Hastings vs. Clifford*, 32 *Maine*, 132. *Tooke vs. Hardeman*, 7 *Georgia*, 20. *Lewis vs. Smith*, 5 *Selden Reports*, (*N. Y.*) 502.

2nd. The widow did not get the benefit of her life-estate in the Eden street property, it having been sold by the testator in his life-time; it does not appear how much that property was worth, nor whether the widow knew of its having been sold. If it formed any considerable part of the property in which a life-estate was given to her by the second clause of the will, it would add to the hardship of depriving her of her dower upon an inadequate provision, of which she only received part. *Thomas vs. Wood*, 1 *Md. Ch. Dec.*, 301. *Hastings vs. Clifford*, 32 *Maine*, 132. *Adsit vs. Adsit*, 3 *John. Ch. R.*, 451. *Bull vs. Church*, 5 *Hill's Rep.*, (*N. Y.*,) 206.

*E. Holloway*, for the appellee, Adeline J. Young.

This appellee will contend:

1st. That the Court below had no jurisdiction under the Code, the words being, "in all claims for dower,"— that in order to give jurisdiction the widow, claiming dower, must be the actor—the title to the land must first be vindicated. Code, Art. 16, sec. 30. *Kiddall vs. Trimble*, 1 *Md. Ch. Dec.*, 143.

2nd. Nor under the Chancery practice of this State. *Wells vs. Beall*, 2 *G. & J.*, 468. *Sellman vs. Brown*, 8 *G. & J.*, 50. *Scott vs. Crisfield*, 11 *G. & J.*, 305.

3rd. The jurisdiction is admitted on the construction of wills—the proper parties being before the Court, and the points for construction being made by the pleadings. *Jones vs. Earle*, 1 *Gill*, 395. *McElfresh vs. Schley*, 2 *Gill*, 181.

4th. That *Durry vs. Roberts*, 2 *Md. Ch. Dec.*, 159, cited to support the doctrine of clouds on title, or *quia timet*, is not in point—fraud, was in that case alleged in the bill. *Adams' Eq.*, 199, 203, 466. *Randolph vs. Kinney*, 3 *Rand.*, 394. Code, Art. 80, sec. 124.

5th. Nor by way of interpleader. Interpleader is founded on general equity, when the person exhibiting the bill claims no right, in opposition to the rights claimed by the persons against whom the bill is exhibited. *Story Eq. Pl.*, 16. And every such bill is founded on the admitted want of interest in the plaintiff, and at the same time susceptible of being used collusively to give an undue advantage to one of the parties. Two things are required to prevent any abuse of the proceeding. In the first place, there must be an affidavit that there is no collusion between him and any of the parties; secondly, he must bring the money into Court. The defendants called to interplead must claim adverse rights. The plaintiff must show a clean title in himself to maintain the bill. *Story Eq. Pl.*, 291. *Hyde vs. Ellery*, 18 *Md.*, 496, the relief was granted to set aside a fraudulent conveyance. It is insisted that the defendants have no adverse rights—the widow Maria holding by title paramount to the heir, and the junior widow.

6th. The granting of the prayer of the bill will produce multiplicity of suits. The whole claim for dower is not brought in. By agreement, the real estate on Hol-

land street is reserved. It is contended that in a claim for dower, the whole title must be before the Court.

7th. The bill and the answer of Maria came in together. No issue is made by the bill and answer. The complainant charges, "that Maria Young, widow of William Young, claims that by the true construction of his will, she is not debarred of her dower in his real estate." The defendant, Maria, by her answer, "claims her dower in all the real estate of her husband, from the day of his death, and all the rents of said property." If the Court grants the injunction, and receiver, by whom is the issue to be made up? The widow merely claims her dower, but shows no title. She having the prior claim, she must be the actor. The complainant and the widow Maria came in together, asking for the summary jurisdiction of the Court. Why not have made the true issue by making Maria the demandant? It must be inferred that they are acting together in fraud of the rights of this appellee. *Iglehart vs. Armiger*, 1 *Bl.*, 528.

8th. *Durham vs. Osborn*, 1 *Paige C. R.*, 634, is not in point; there the widow was the complainant.

9th. The appellee, Maria, made no renunciation of the will; but made an election to take under the testament; she must renounce within six months; she must declare her dissent. Act 1798, ch. 101, sub ch. 13. *Collins vs. Carman*, 5 *Md.*, 503. *Mayo vs. Bland*, 4 *Md. Ch. Dec.*, 484.

10th. That Courts of Equity discountenance stale claims, where there has been gross *laches* and neglect. The demand for dower is now made after the lapse of seven years. *Boyd vs. Harris*, 2 *Md. Ch. Dec.*, 210. *Kiddall vs. Trimble*, 1 *Md. Ch. Dec.*, 207.

11th. That in law, dower is no cloud upon the title of the heir. The widow claiming by a title paramount, the elder title must prevail. *Dow vs. Dow*, 36 *Maine*, 210. *Durham vs. Osborn*, 1 *Paige C. R.*, 634.

47    v. 22

12th. That the Court had no authority to grant an injunction, and appoint a receiver. The bill alleged no fraud or danger to the fund. The authority of the Court depends upon the question whether or not the fund is in danger. *State vs. The Nor. Cent. R. R. Co.*, 18 *Md. Rep.*, 215.

13th. That the bill is multifarious. *Chew vs. The Bank of Baltimore*, 14 *Md. Rep.*, 299.

14th. That the granting of the prayer of the bill will obstruct and hinder the settlement at law of the two estates. Equity will not intervene against the settlement of estate in due course of law.

Bowie, C. J., delivered the opinion of this Court.

Appeal from an order of the Superior Court of Baltimore City, overruling and refusing the application for an injunction, and the appointment of a receiver, and dismissing the bill.

The order appealed from, is based, in the opinion of the learned Judge below, on three grounds, either of which, if good, is sufficient to require its affirmance, viz:

1st. "The Court has no jurisdiction of the subject-matter as presented by the bill."

2nd. If it had jurisdiction, "a proper case is not made for an injunction, or the appointment of a receiver."

3rd. There is no right of dower in Maria Young in the estate of William Young, deceased.

The learned Judge does not refuse the application for want of jurisdiction generally, in cases of dower, or because the bill was filed by the heir at law, but because the case presented by the heir at law did not warrant the assignment of dower, or the exercise of the extraordinary powers of the Court, by injunction and receiver.

The mere fact that an estate may be subject to dower, "does not, in the absence of all adverse claim thereto, authorize parties to make a case, to elicit the decision of

the Courts, upon points which are only potential and not actual;—under such circumstances the Judiciary would be overwhelmed with ingenious difficulties suggested by the learned zeal of the counsel, or the nervous apprehensions of clients.''

After a careful examination of the bill, it appears there is no positive allegation of the seizin by the testator, William Young, during his coverture with Maria Young, of any other real estate in which she could have dower, except the Holland street property, and this the bill expressly declares it is not designed to bring into this suit. It is true the will makes William H. Young residuary legatee of all the estate of the testator, real and personal, not otherwise devised, but it is nowhere alleged in the bill, that any other real estate, than the Holland street property, has come to the possession of the complainant, or that he is entitled to any other, in which Maria Young, as widow of William, might or could claim dower.

In the absence of this material allegation, there was no subject-matter to give jurisdiction to the Court, as a bill for the assignment of dower. It is not enough that Courts of Equity have concurrent jurisdiction generally with Courts of Law in matters of dower, (of which there is no doubt,) but there must be a foundation laid to authorize the Court to exercise its jurisdiction, before a complainant can invoke its aid. In this sense, we apprehend, the Court below intended to be understood in the first reason assigned for dismissing the bill, in which, as interpreted, we entirely concur.

There is no allegation of any positive claim or demand of dower by the widow of William Young, deceased, or of William H. Young, but it is alleged that the former claims, that by the true construction of the will she is not debarred of dower.

The answer of Maria Young, filed the day after the bill, and without oath, admits the several matters and

things stated in the bill, and claims her dower in all the real estate of her husband, from the day of his death, and in all the rents and incomes of said property, but as to the Holland street property, (the respondent says,) she will settle her claims, whatever they may be, in some other suit or proceeding, as proposed by the complainant.

Without imputing any improper motive to the parties, it is evident from the entire correspondence between the bill and answer of this defendant, that there is a perfect understanding between them.

Reference being made to the answer of Maria Young, it is proper to say, the answers were all filed before, or at the hearing; the learned Judge below, says: "This case is before me on the bill, the answer of Maria Young and the answer of Adeline Young." Although they were not required to be under oath, and could not be looked at as evidence, or admissions, or denials, yet it was necessary to examine them to ascertain the matters in issue. Upon appeal, this Court must review all the papers before the Court of original jurisdiction, at the time the order or decree appealed from was passed.

Assuming that there was a subject-matter for the Court to act on, we think there is nothing in the bill to require the issuing of an injunction or appointment of a receiver.

There is no allegation that the rents, issues and profits of the real estate supposed to be subject to dower, will be lost irretrievably, by reason of the insolvency of those receiving them, or that the complainant has not adequate remedy at law, for such of the rents as he may be entitled to: it is not sufficient to allege they are in jeopardy, but it must be shown how they are jeopardized. The will of William Young being made a part of the bill, by exhibiting it, it was incumbent on the Court to examine its provisions, to ascertain the rights of the parties claiming under them. The first clause indicates the testator was dealing with all his estate, when he made his will. The

second, devising to "Maria Young in lieu and satisfaction of *all her dower and other right* therein," certain houses enumerated—as clearly shows, she was thereby intended to be debarred of dower in the whole of the testator's real estate. The instrument is drawn with elaborate care, and technical accuracy, leaving no rational doubt of its purport and meaning. The complainant showing by his exhibit, there was no ground for the claim of dower on the part of the defendant, Maria, in the premises which had devolved on him as devisee of William Young, thereby destroyed the frame-work of his bill as a bill in the nature of a bill of interpleader, leaving, in fact, no one to interplead.

Thus concurring with the Court below in its construction of the will as to the rights of Maria Young, we are constrained to affirm the order dismissing the bill.

*Order affirmed.*

(Decided November 25th 1864.)