ISABEL M. BAKER ET AL. *vs.* CHARLES N. BAKER
ET AL.

*Appointment of Receiver Under Bill for Partition of Property—Notice
to Defendants Before Appointment—Appeal—Presumption as to
Parties—Lis Pendens—Right of Mortgagee After Default to Rent of
Property Mortgaged.*

Code, Art. 16, sec. 192, provides that the Court may at any stage of a
cause concerning property, pass such order as it may see fit in regard
to the possession of the same *pendente lite*, or the receipt of the income
thereof, on such terms as to it may seem just. *Held*, that this statute
does not authorize the appointment of a receiver, under a bill for parti-
tion, before the defendant has an opportunity to be heard, unless there

be a necessity for such appointment arising from fraud or danger of loss possession of the property be not taken by the Court.

The objection that there was no necessity for appointing a receiver of the property before the defendants were heard in reply to an application therefor, can be made upon appeal from the order making the appointment.

Upon appeal from an order appointing a receiver of property, under a bill filed for partition of the same among the parties entitled thereto as heirs of the deceased owner, when the record does not affirmatively show that all of the parties in interest had been brought into Court by subpoena or order of publication, it will be presumed that, when the order was passed, all the necessary parties had been actually or constructively served with process.

One who takes an assignment of a mortgage after the institution of a suit for the partition of the land mortgaged, to which snit the mortgagee was a party, takes subject to the *lis pendens.*

In a suit begun by a bill for the partition of the real estate of a decedent, some of the defendants filed a petition alleging that the real estate had descended to them as heirs of law of the owner, subject to the dower interest of the widow and subject, as to a portion of the land, to two mortgages, and asked for the appointment of a receiver of the land *pendente lite,* alleging that the widow was the assignee of the two mortgages and was claiming rents due by tenants of part of the land. The petition alleged that the widow was in possession of a portion of the real estate, while other portions were in the possession of tenants. The petition did not show whether the land occupied by the widow or tenants was included in the mortgages or not. *Held,* that since the mortgages were overdue the widow as mortgagee was entitled to the rents upon demand from that part of the land included in the mortgages, and since there is nothing to show any imminent danger of loss to the petitioners from the facts alleged, a receiver should not be appointed.

*Decided June 24th, 1908.*

Appeal from the Circuit Court for Frederick County (MOT-TER, J.)

The cause was submitted to the Court on briefs by:

*Eugene L. Rowe,* for the appellants.

*Milton G. Urner, Milton G. Urner, Jr.,* and *Hammond Urner,* for the appellees.

BOYD, C. J., delivered the opinion of the Court.

A bill in equity was filed by Alice M. Baker, a daughter of Nicholas Baker, deceased, against J. Bernard Baker and other heirs of Nicholas, Isabel M. Baker, his widow, Charles W. Nussear, executor of Mary C. Nussear, who held two mortgages against the property of the decedent, and some lien creditors of J. Bernard Baker, for the sale of the real estate left by the decedent, on the ground that it was not susceptible of partition. The executor of Mary C. Nussear assigned the mortgages to Isabel M. Baker, the widow, after the bill was filed. An answer was filed by three of the heirs and a judgment creditor of J. Bernard Baker admitting the allegations of the bill, excepting as to the dower of the widow, and alleging that she was only entitled to dower in the surplus over the mortgages. The executor of Mary C. Nussear filed a disclaimer alleging that he had no interest in the mortgages, having assigned them to the widow.

Afterwards Charles N. Baker, Mary A. Dukehart and Jennie Adelsberger, three of the children of Nicholas and defendants in the equity case, filed a petition therein alleging that the real estate of Nicholas descended to them, J. Bernard Baker and Alice M. Baker, as his heirs at law, subject to the dower of the widow and also subject, as to certain portions of the real estate, to the two mortgages, and making other allegations which will be hereinafter referred to. It asked for the appointment of receivers and for general relief. The Court passed an order upon the petition appointing Eugene L. Rowe, who was the solicitor for the plaintiff in the bill, and Edward H. Rowe receivers, but the former declined to act: Afterwards Alice M., Isabel M. and J. Bernard Baker filed answers to the petition, as required by the statute, and entered an appeal from that order, but the answers cannot be considered by us.

The question for our determination is whether that order was properly passed. Sec, 192 of Art. 16 of the Code provides that "The Court may, at any stage of any cause or matter concerning property, real or personal, on application,

or of its own motion, pass such order as to it may seem fit, with regard to the possession of the same, *pendente lite*, or the receipt of the income thereof, on such terms preliminary thereto (as to security, etc.,) as to it may seem just, subject to the same right to move for its discharge, and the same right of appeal as is given in the preceding section." The section (191) referred to provides that "an appeal may be taken by any of such parties from the order granting such mandate or injunction, or the refusal to discharge or dissolve the same in such cases, and in such manner and on such terms as is now allowed in cases of injunction." Sec. 190 provides that the Court can at any stage of a cause or matter, on the application of any party in interest by motion or petition, or of its own motion, order a mandate or injunction, as therein provided. Sec. 190–194, inclusive, of the Code of 1904, were added to Art. 16 by the Act of 1896, ch. 441, and have since then been in force—being numbered 177–181 in the Code of 1888. What is now sec. 192 has not hitherto been passed on by this Court, but sec. 190 was referred to in *Co. Comms'rs* v. *School Comms'rs*, 77 Md. 283; *Supreme Lodge* v. *Simmering*, 88 Md. 288; *Balto. City* v. *Poole & Son Co.*, 97 Md. 68, and *Horner* v. *Nitsch*, 103 Md. 508. Although it must be admitted that a somewhat liberal construction was placed on sec. 190, as to the procedure under it, those cases do not throw any light on the question now before us.

There can be no doubt that some of the objections made by the appellants to this petition cannot be sustained, and it is clear that the application for receivers was intended to be under sec. 192. The petition is filed in the original equity cause, and the proceedings therein are referred to. Inasmuch as the bill and exhibits show the title of the petitioners it was unnecessary to be more explicit on that subject, as the Court had the undoubted right to consider all the proceedings in that cause. It had jurisdiction over the subject matter involved, and apparently over all the parties—although the record does not affirmatively show that all of them had been brought into Court by subpœna or orders of publication. In-

asmuch, however, as the appellants brought the record to this Court, and it does not show that the parties *were not* in Court, we would, in a proceeding of this character, presume that when the Judge below acted all *necessary* parties had been actually or constructively served with process.    Nor can we have any doubt that Mrs. Isabell M. Baker was subject to the doctrine of *lis pendens,* as announced in *Sanders* v. *Mc-Donald,* 63 Md. 503.    The executor of Mary C. Nussear made affidavit to the disclaimer filed by him on June 28th, 1907, while the affidavit as to taxes made by Mrs. Baker, as assignee of the second mortgage, was made June 29th (the assignment of the first mortgage not appearing in the record), and the assignment and the disclaimer were filed the same day.    We would, therefore, for the purposes of this case, assume that the executor had been brought into Court before he made the assignment, in so far as necessary to make her subject to the *lis pendens,* as announced in *Sanders* v. *McDonald,* without deeming it necessary to consider whether she, having knowledge of the pendency of the cause and being a party in another capacity, as widow, would not be bound, regardless of that question.

But there are other questions involved, which present difficulties that seem to us not to have been met by the appellees. While it is true that the Court is authorized by sec. 192, even of its own motion, to "pass such order as to it may seem fit, with regard to the possession of the same, *pendente lite,* or the receipt of the income thereof," and, although we deem the power given broad enough to authorize the appointment of a receiver in a proper case, the statute did not mean to abolish the rules on the subject of the appointment of a receiver, which this Court had adopted and followed for so many years.    It is only when there is enough shown in the proceedings to authorize such step, that the Court can of its own motion act, or when the proceedings and the application are sufficient for that purpose.    The right of appeal is expressly given, and "The rule laid down in the cases cited, that the Court will not appoint until the defendant is first heard, unless the neces-

sity be of the most stringent character, is one which can only be enforced upon appeal from the order appointing the receiver." *Voshell* v. *Hynson,* 26 Md. 94.

In the leading, and well known, case of *Blondheim* v. *Moore,* 11 Md. 365, CHIEF JUDGE LEGRAND announced certain rules for the government of Courts in appointing receivers, which have often since been repeated and followed. After saying that the power of appointment must be exercised with great circumspection, that it must appear the claimant has a title to the property and the Court must be satisfied by affidavit that a receiver is necessary to preserve it, that in no case should the Court make an appointment merely because it could do no harm, he said: "4th. That 'fraud or imminent danger, if the intermediate possession should not be taken by the Court, must be clearly proved;' and 5th. That unless the necessity be of the most stringent character, the Court will not appoint until the defendant is first heard in response to the application." Granting that there may be cases in which the enforcement of the fifth rule may not be necessary, if the appointment is made under the provisions of this statute, it is ordinarily the safer rule to follow, and, generally speaking when the parties are already in Court there is no occasion for such delay as might endanger the interests of the applicant if immediate action be not taken. But when the petition does not fully disclose the facts necessary to inform the Court of the real situation, such as the right of the petitioner to relief, and of the necessity or reason for proceeding without notice to others to be affected—especially if it shows some right of possession of the property or to the rents and profits in another—the Court ought not to proceed *ex parte.* In *Johnson* v. *Lippert,* 96 Md. 584, in considering an order appointing a receiver, the Court quoted from *Lamm* v. *Burrell,* 69 Md. 272, in which an order granting an injunction was reversed, that "to warrant the Court in issuing an injunction a full and candid disclosure of all the facts must be made. There must be no concealment and the *res gestae* must be represented as they actually are. * * * The Court must be informed by the

bill itself and its accompanying exhibits, if any, of every material fact constituting the case of the plaintiff, in order that it may be seen whether there is a just and proper ground for the application of so summary a remedy.    Strong *prima facie* evidence of the facts on which the plaintiff's equity rests must be presented to the Court." The principles in regard to a bill for an injunction apply also to one for a receiver. *Miller's Eq. Proc.*, 729—indeed there is often more necessity for strict rules in the latter, as the appointment of a receiver may result in taking from one entitled to them the possession of his property and the income from it.

Keeping the general rules in mind, let us see how far the petition on which the order appealed from was passed complies with them.    It alleges "4. That the said widow is now in possession of a portion of said real estate, while other portions thereof are in the occupancy of tenants under leases providing for the payment of money rents.    5. That the said widow is claiming and demanding from said tenants the whole of said rents accruing from said real estate, while your petitioners, as heirs-at-law of the said decedent, dispute the right of said widow, either as dowress or mortgagee, to the whole of said rents, and pending the determination of the rights of the respective parties in the premises there is no one authorized to collect said rents, and by reason of said conflicting claims the said rents are remaining unpaid and uncollected.    6. That there is danger of loss and injury to all parties concerned under existing conditions, as hereinbefore mentioned, and it is to the interest and advantage of all the said parties that a receiver or receivers should be appointed by your Honorable Court to collect and hold the rents accruing and accrued from the said real estate," etc.    It had previously alleged that Isabell M. Baker had taken by assignments the mortgages, and now claims certain interests as mortgagee in certain portions of the real estate in addition to her dower.

It is impossible to know from the petition, or the proceedings in the original case, what portion of the real estate the widow was in possession of, or what portions thereof were in

the occupancy of tenants, or whether the tenants were occupying any of the properties included in the mortgages, and if so what part. It may be, so far as the petition discloses, that all of the properties occupied by the widow and the tenants are included in the mortgages. If they are, *prima facie* she, as mortgagee, is entitled to the possession and to the rents. Both of the mortgages were overdue and hence were in default. "It is the settled law of this State that upon default the mortgagee is entitled to possession," *Barron* v. *Whiteside*, 89 Md. 448, and cases therein cited. "When a mortgagor is allowed to remain in possession after default he is entitled to collect for his own use the rents and profits, but after a demand for possession by the mortgagee or a demand of the rents, then the mortgagee is entitled to the same," *Ibid.* In that case it was further said that "In order to put an end to the authority of a mortgagor to collect the rents, it is only necessary for the mortgagee to manifest his intention to do so. For this purpose *slight acts* will be deemed sufficient, and in *Boyce* v. *Boyce*, 6 Rich. 302, where, as here, the mortgaged property was in Court, a claim for the rents made to the Court by a party to the suit in the progress of the cause, was all that was required." See also *Baker* v. *Hill*, 100 Md. 130. The petition shows that the widow *was claiming and demanding* the rents, and, although it does not in terms say that she was doing so *as mortgagee*, it does say that the petitioners disputed her right to them "either as dowress or mortgagee" —it does not say that she was *not* doing so as mortgagee and, excepting in so far as we have stated, leaves the Court in the dark on the subject.

The order appealed from appointed the receivers "to collect and receive *all* rents accrued and to accrue from the real estate mentioned in these proceedings, during the pendency thereof," and it is clear that, in the absence of some allegation showing a valid reason why the mortgagee should not have the benefit of the general rule, the order, at least in so far as it applied to rents from the mortgaged property, was improvidently passed.

But in addition to what we have said, there is nothing in this case to show any imminent danger of loss, or real necessity for appointing receivers, at the instance of the petitioners. Mrs. Baker, as mortgagee, had the right to have a receiver appointed, if necessary for her protection, but that did not give the petitioners the right to do so, and especially not to take the rents from the mortgaged property from her control. There is no allegation or suggestion that the tenants, or any of them, were insolvent, and that would hardly be suggested as to the widow, for if there is a sale of the property, she will be entitled to distribution on the two mortgages, which do not appear to be disputed or in any way questioned. She could be made to account for the rents, and if she did not in any other way they could be charged against her distribution. It was not enough to allege that the petitioners disputed her right to the rents, and it certainly was not sufficient to say that "by reason of said conflicting claims the said rents are remaining unpaid and uncollected." The petitioners themselves are causing the conflict, which prevents the rents from being paid and collected—although the mortgagee is *prima facie* entitled to those from the mortgaged property. As was said in *Knighton* v. *Young*, 22 Md. 372: "There is no allegation that the rents, issues and profits of the real estate, supposed to be subject to dower, will be lost irretrievably, by reason of the insolvency of those receiving them, or that the complainant has not adequate remedy at law, for such of the rents as he may be entitled to; it is not sufficient to allege they are in jeopardy, but it must be shown how they are jeopardized."

We have not overlooked the fact that receivers are sometimes appointed to collect rents pending partition proceedings, or that the statute (sec. 129 of Art. 16) now authorizes the sale of lands, under a bill such as this, free and clear of mortgages or other encumbrances on said lands, or an undivided interest therein, but being of the opinion that this petition, although taken in connection with the other proceedings in the cause, was not sufficient to authorize the Court to appoint

receivers, the order must be reversed. As we cannot be sure that it may not become necessary to appoint a receiver to collect some of the rents, we will dismiss the petition without prejudice.

> *Order reversed, and petition dismissed without prejudice, the appellees to pay the costs, above and below.*