MARCELINA JOYCE, as Administratrix of Geo. Wm. Joyce, and in Her Own Right, *vs.* ELIZABETH RAGAN.

*Decedents' estates: jurisdiction of equity; receivers, appointment of —. Code, Art. 16, sec. 192.*

Where there are no allegations of fraud and no necessity shown why a receiver should be appointed, a Court of Equity has no authority to assume jurisdiction of the estate of a decedent, and without notice to the parties, claiming the real estate of the testator of the decedent, to appoint a receiver, under the *ex parte* petition of a simple contract creditor whose claim is denied, and where the allegation of the insufficiency of the personal estate, made in the bill, was also denied.                                        pp. 42-43

Section 192 of Art. 16 of the Code authorizing a Court of Equity to assume control of property at "any stage of the cause or matter concerning the same," does not abolish the established rules on the subject of the appointment of receivers.                                        p. 44

*Decided December 6th, 1911.*

Appeal from Circuit Court No. 2 of Baltimore City (Harlan, C. J.).

The cause was argued before Boyd, C. J., Briscoe, Pearce, Burke, Thomas, Pattison, Urner and Stockbridge, JJ.

*D. C. Andre* and *Henry H. Dinneen,* for the appellant.

*Frank G. Turner,* for the appellee.

BURKE, J., delivered the opinion of the Court.

Harriett Joyce, died in the City of Baltimore on the 5th day of February, 1911, seized of the fee simple property known as No. 1060 Argyle avenue. She had made and executed a last will and testament by which, after giving $50.00 to the Aged Men and Women Home of the Methodist Episcopal Church, she devised and bequeathed all the rest and residue of her property to her son, George William Joyce, whom she appointed the executor of her will. Her son qualified as executor, but did nothing further in connection with the settlement of the estate, and died on the 17th of March, 1911.

He left surviving him a widow, Marcelina Joyce, who was appointed and qualified as administratrix of his estate; Richard C. Rose was appointed and qualified as administrator *de bonis non* with the will annexed of the estate of Harriet Joyce.

On May 12th, 1911, Elizabeth Ragan, the appellee, claiming to be a simple contract creditor of Harriet Joyce, filed a creditor's bill in the Circuit Court No. 2 of Baltimore City asking for the sale of the property at 1060 Argyle avenue upon the ground that the personal estate of Harriet Joyce was insufficient to pay her debts.

The bill alleged that John Joyce and William Joyce were half-brothers, and Anna Addison was a half-sister of George William Joyce, and upon the claim that they were his heirs at law they were made defendants in the suit. Marcelina Joyce in her own right and as the administratrix of her husband, and Richard C. Rose, *d. b. n. c. t. a.* of Harriet Joyce were also made defendants. The following is a transcript of the account verified by affidavit, which was filed with the bill:

"BALTIMORE, April 17th, 1911.

THE ESTATE OF HARRIET JOYCE, DECEASED,

TO

ELIZABETH RAGAN, DR.,

To services as nurse and general housework from
March 1st, 1909, to July 1st, 1909, at $10.00 per
month as per agreement...................... $40.00

To services as above from July 1st, 1909, to February
5, 1911, at $15.00 per month, as per agreement.. 285.00

As additional wages which deceased promised to pay. 100.00

Total......................;................ $425.00"

William Joyce, John Joyce and Anna Addison answered
the bill, and admitted that Harriet Joyce in her lifetime
was indebted to the plaintiff in some amount, but in what
amount they did not know, and they asserted that they were
the only living heirs at law and next of kin of George William Joyce. They also admitted the insufficiency of the
personal estate of Harriet Joyce to pay her debts.

The answer of Marcelina Joyce, widow, in her right and
as administratrix, denied that Harritt Joyce was indebted
to the plaintiff as alleged in the bill. It denied that John
Joyce, William Joyce and Anna Addison were the heirs at
law of Harriet Joyce, or George William Joyce, or that
they were entitled to any part of her or his real or personal
estate. It further averred "that the said real estate was
devised by the said Harriet Joyce to her only son George
William Joyce, and that the said George William Joyce died
intestate, seized and possessed thereof in fee simple and left
no descendant or kindred capable in law to take the said
real estate from him, and that the same has, under the law
in such case made and provided, passed to and developed
upon this respondent Marcelina Joyce, his wife, who has
survived him." The answer further alleged that the personal estate belonging and due to the said Harriet Joyce and
recoverable by her administrator was sufficient to satisfy all
legal and valid claims against it. Richard C. Rose, admin-

istrator did not answer, and nothing further was done in the case until August 10th, 1911.

On that day the appellee filed a petition, verified by her affidavit, in which she referred to the bill which she had filed on May 12th, 1911, but made no reference to the answer thereto of Marcelina Joyce.  The following paragraphs of the petition are here set out:

"Second. That since the filing of the above bill, your petitioner has been served with a notice by the Appeal Tax Court of Baltimore City, that the taxes on the fee simple property known as 1060 Argyle avenue, owned by Harriet Joyce, were in arrears and that the same would be sold for the taxes if the taxes thereon were not paid.

Third. That an administrator *d. b. n. c. t. a.* has been appointed by the Orphans' Court of Baltimore City, who has instituted suit to collect an insurance policy amounting to $50.00 no further procedure having been taken by the administrator *d. b. n. c. t. a.*

Fourth. That your petitioner is informed that there are claimants to the residue of the estate of Harriet Joyce after the payment of the creditors.

Fifth. That previous to the death of the said Harriet Joyce, your petitioner had paid rent on said property to and including February 1st, 1911, for which she holds proper receipt.

Sixth. That since the death of the said Harriet Joyce, your petitioner and her sister, Eleanor Ragan, have occupied that portion of said property, 1060 Argyle avenue, which they occupied previous to the death of the said Harriet Joyce; and that the rent which they have paid since the filing of the complaint in the above entitled cause, has been paid to Frank G. Turner, attorney, to be held by him for the party who may be entitled thereto, which said payments are held by him, subject to their right being established, the payments being as follows:

| | |
|---|---|
| June  6th, 1911, to cash................... | $12.00 |
| July 17th, 1911, to cash................... | 12.00 |
| Total............................. | $24.00 |

Seventh. That your petitioner is informed and believes that it is to the interest of your petitioner and such other creditors as there may be of the said Harriet Joyce and the distributees of her estate, that a receiver should be appointed to receive. the rent and income of the property of which she was possessed at the time of her death, out of which should be paid all legal taxes, assessments, etc., and that the property of the said Harriet Joyce, consisting as far as your petitioner is informed, solely of the property 1060 Argyle avenue (and an insurance policy amounting to $50.00) should be sold and disposed of by a trustee appointed by this Honorable Court in according with such further orders as may be properly passed by the judge of this Honorable Court."

The prayer of the petition was for the appointment of a receiver to take charge of the property of Harriet Joyce which consisted, so far as petitioner was informed, of the fee simple property on Argyle avenue, and an insurance policy amounting to $50.00, and to collect the income from the property and to hold and disburse the same under the direction of the Court. Upon this petition, without notice to any of the defendants, the Court passed an order appointing Frank G. Turner, receiver, *pendente lite.* The appeal before us was taken from that order by Marcelina Joyce in her own right and as administratrix of her husband, after having filed an answer to the petition, but this answer cannot be considered by us.

The record presents a case where the Court, upon the *ex parte* petition of a simple contract creditor, whose claim was denied and where the allegation of the insufficiency of the personal estate made in the bill was also denied, took possession of the real estate without notice to Marcelina Joyce who had asserted her absolute ownership of the property, and without notice to the administrator of Harriet Joyce took from him the personal estate of said deceased and transferred its administration to the Court of equity. It is quite evident, we think, that the attention of the learned

Judge who passed the order was not called to the answer of Marcelina Joyce, as that answer showed sufficient reasons why a receiver should not have been appointed without notice to her.

In *Uhl* v. *Dillon,* 10 Md. 500, where an injunction and receiver were asked for, upon allegations much fuller and stronger than those contained in the petition in this case, JUDGE BARTOL said: "No authority has been shown to this Court, nor can any be produced, entitled to consideration, which sanctions the exercise of the high and extraordinary power of a Court of Chancery, to interpose by writ of injunction, in a case like the one before us, restraining a debtor in the enjoyment and power of disposition of his property.

The appellees (the complainants below), are merely general creditors of the appellant, who have not prosecuted their claim to judgment and execution, nor in any other manner acquired a lien upon the debtor's property, and were not entitled to the writ of injunction nor to the appointment of receiver." This case was followed in *The Frederick County Bank* v. *Shafer,* 87 Md. 54.

In the *Baltimore Skate Manufacturing Company* v. *Randall,* 112 Md. 411, JUDGE BRISCOE referred to a number of Maryland cases which state the principles applicable to the appointment of receivers, and the circumstances under which a receiver will be appointed without notice, and said: "It is well settled by all the adjudications of this Court, and by the established equity practice in this State, that Courts can not be too cautious and careful, in the exercise of a jurisdiction so summary in its character, and one which may deprive a person of his property without notice and without a hearing. To uphold an *ex parte proceeding* of this character, would not only afford a convenient mode of depriving one of his property but would work an injury that would be difficult to subsequently repair or remedy." This statement we regard as specially applicable to this case.

The receiver in this case appears to have been appointed under section 192, Article 16 of the Code. That section provides that: "The Court may, at any stage of any cause or matter concerning property, real or personal, on application, or of its own motion, pass such order as to it may seem fit, with regard to the possession of the same, *pendente lite*, or the receipt of the income thereof, on such terms preliminary thereto (as to security, etc.) as to it may seem just, subject to the same right to move for its discharge, and the same right of appeal as is given in the preceding section."

This statute was considered by this Court in *Baker* v. *Baker*, 108 Md. 269, wherein it was held that "the statute did not mean to abolish the rules on the subject of the appointment of a receiver, which this Court has adopted and followed for so many years."

There was no allegation of fraud made in the petition, and no necessity shown why a receiver should be appointed without notice to the parties affected, and no reason whatever why the Court should have assumed, as it did, the possession of the personal estate of Harriet Joyce.

The order appealed from will be reversed and the cause remanded.

> *Order reversed, and cause remanded with costs to the appellant above and below.*