ELEAZER WINAKUR *v.* WILLIAM A. LEIBOWITZ
[No. 48, October Term, 1937.]

*Decided December 10th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Louis Mitnick,* for the appellant.

*Louis Samuels,* submitting on brief, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from a judgment of *non pros.*, entered by the Superior Court of Baltimore City on motion of William A. Leibowitz, the sole defendant, in an action at law pending therein. The plaintiff's declaration, in addition to the common counts, contained a special count, in which it was alleged that the defendant and others, by their joint and several promissory note then overdue, promised to pay to the order of the plaintiff the sum of $4,000, but failed to pay the same. The note in question was filed with the declaration, and discloses that in addition to the defendant there were two other makers, one an individual, the other a corporation.

Instead of pleading, Leibowitz filed a motion for judgment of *non pros.*, asserting that Winakur, the plaintiff, had previously used the obligation thus sued upon as the basis of a bill of complaint against the corporate maker thereof in a chancery proceeding in the Circuit Court of Baltimore City, as a result of which he had succeeded in having a receiver appointed to take charge of its assets, because of insolvency; that the receiver sold such assets and wound up its affairs under the jurisdiction of the equity court. Accepting the defendant's contention that the action thus taken

was a suit, within the meaning of section 2, article 50 of the Code, the trial court granted his motion and entered the judgment of *non pros*. The question, therefore, presented by this appeal, is whether such action in the equity court is to be regarded as a "suit" contemplated by section 2, article 50 of the Code, which provides that: "No person shall institute more than one suit on a joint and several bond, promissory note, penal or single bill when the persons executing the same are alive and reside in the same county; and if more suits than one be instituted on any such bond, promissory note, penal or single bill, judgments of *non pros*. shall be entered against the plaintiff in such suits."

It is nowhere alleged in the motion that any dividend was received by appellant from the receivership proceeding, and, generally speaking, the object and purpose of a receivership is to preserve an estate intact, to keep it within the court's jurisdiction, prevent deterioration, waste, or spoliation pending its appropriation as may be later directed by final decree. Thus, by appointing a receiver, the chancellor merely takes the subject-matter of the litigation out of the control of the parties and places it into his own hands until it can be disposed of on questions growing out of the proceeding. *High on Receivers* (4th Ed.), secs. 4 and 5; *Clark, Law of Receivers*, sec. 89; 53 *C. J. Receivers*, sec. 3A, p. 19; 23 *R. C. L. Receivers*, sec. 3 p. 9; *Pomeroy's Equity Jurisprudence* (4th Ed.) secs. 171, 1423, and 1483; Code, art. 16, sec. 216; *Baker v. Baker*, 108 Md. 269, 271, 70 A. 418; *Joyce v. Regan*, 117 Md. 38, 44, 82 A. 992; *Lipskey v. Voloshen*, 155 Md. 139, 144, 141 A. 402.

From the cited authorities, it appears clear that no title passes to a creditor by virtue of the appointment of a receiver for his debtor, and such creditor does not thereby secure any advantage over other creditors of the debtor. It therefore follows that, in applying for the receivership, the creditor is not, strictly speaking, acting any more for himself than for the other creditors, and upon this basis, notwithstanding the broad provision of

section 2 of article 50, it is difficult to find that the Legislature intended that the statute should become a bar to actions at law, because of a receivership proceeding, and the reason for this becomes more obvious when it is considered that in such proceeding all the makers of the note could not have been joined. Our predecessors in the case of *Blizzard v. Jacobs,* 3 G. & J. 66, 71, held that the purpose of the section was to prevent an unnecessary accumulation of costs, and this holding was approved by the late Judge Stockbridge in *Bradley v. Food Products Co.,* 139 Md. 385, 387, 114 A. 913. This being true, it seems equally clear that the section was intended to apply only in situations where all the makers of the obligation could be joined as defendants in one action, for certainly if all could not be joined, the non-accumulation of costs, which was the purpose of the section, would not be prevented.

Upon these considerations we feel that appellant's action in applying for a receiver for one of the makers of the note which he holds does not make section 2 of article 50 a bar to the maintenance of this suit, and that the lower court was in error in entering the judgment of *non pros.* The judgment appealed from must be reversed, and the proceedings remanded, to the end that defendant may, agreeably to the rules of the Superior Court of Baltimore City, be laid under a rule to plead to the declaration.

*Judgment reversed and case remanded, with costs to appellant.*