———— o-o-o ————

### In the matter of John W. Adams.

A party to a suit in another state cannot be committed under § 4295 of Compiled Laws, for refusing to give his evidence under a commission issued in said suit to take it here.

*Heard November 30th. Decided December 1st.*

Petition for habeus corpus.

The petition set forth: That petitioner was restrained of his liberty by the sheriff of Wayne county, by virtue of a pretended warrant issued by T. S. Blackmar, circuit court commissioner for Wayne county, authorizing his arrest and imprisonment for refusing to testify as a witness in a cause pending in the Supreme Court of New York, wherein a commission had been issued to T. W. Lockwood and Horace Hunt, Esqs., to take his testimony: That petitioner is one of the defendants in said suit, and could not give his testimony without subjecting himself to pecuniary loss, and charging himself with debt; and for these reasons, and also for the reason that he believed, and was advised, he was not bound to disclose anything against his own interest, he had refrained from giving such testimony.

IN THE MATTER OF ADAMS.

A writ of habeus corpus having been issued, as prayed, the sheriff now returned the same, with a copy of the warrant of commitment attached, dated November 29th, 1859, and reciting the issue by said circuit court commissioner of a summons to the petitioner to appear before said Lockwood & Hunt, as commissioners, November 22d, 1859, to give evidence in the cause specified in the commission; that proof had been made to the said circuit court commissioner that said summons had been duly served on petitioner, his fees as witness paid, and that petitioner appeared before the commissioners at the time and place appointed in the summons, but then and there refused to be sworn and examined; wherefore the sheriff was commanded to commit him until he submitted to be examined, or was discharged according to law.

*D. B. Duffield*, for petitioner:

The only remedy of the party where a witness refuses to give evidence under a foreign commission, is to prosecute for the penalty which the statute imposes. The compulsory process here resorted to is excluded where a penalty is imposed for the disobedience.— *Comp. L.* § 4298.

But the statute was not designed to apply to the case of a party to a suit at all. Witnesses in the common law sense of the term are alone intended by it.

*H. K. Clarke*, for respondent:

Section 4298 only excludes the operation of the "preceding provisions" from cases where other special provision is made by law for compelling the attendance of witnesses. *Means of compulsion* are specified as a distinct thing from penalties for non-attendance. Compare §§ 4291 and 4074, sub. 5; §§ 3747 and 3751 and § 3745. The application of § 4268 is probably limited to § 4266.

Parties may be examined as witnesses both under our laws and in New York.— *Comp. L.* §§ 4340, 4330, 3765; 2

*Mich.* 397; 5 *Mich.* 65; *N. Y. Code*, § 390. Proceedings in the New York courts bear a close analogy to proceedings in equity, where it has always been allowed to examine parties as witnesses. The commission was issued to take the testimony of petitioner as a *witness*, and the proceedings against him here have all been in that capacity. He is within the law and the reason of it.

If the witness had valid objection to any of the interrogatories, he should not have refused to be sworn, but should have waited till the improper question was put, before objecting.

The question of reasonable cause for refusing to be sworn was one addressed to the judgment of the commissioner, and if the warrant issued by him shows a *prima facie* case clearly within the statute, this is not the proper proceeding for reviewing his decision.— *Niles v. Brown*, 3 *Barb.* 39; *People v. McLeod*, 1 *Hill*, 399, 405; 2 *Sandf. S. C.* 724; *People v. Nevens*, 1 *Hill*, 159.

By the Court:

We think the statute is designed to reach the case of *general* witnesses only, and that a party to a suit can not be punished under it for refusing to give his evidence, notwithstanding he might have been compelled to testify if within the jurisdiction issuing the commission. The prisoner must be discharged.