## COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed November 26, 1901.

### CITY OF MADISON
### VS.
### THE AMERICAN SANITARY AND ENGINEERING COMPANY AND THE UNITED STATES FIDELITY AND GUARANTY COMPANY.

*Vernon Cook* for plaintiff.

*Joseph C. France* and *J. Kemp Bartlett* for defendants.

PHELPS, J.—

At a previous stage of this case the decision was based upon the proposition that the authority conferred by the Evidence Act of the Maryland Code, Article 35, section 34, is the exercise of a special and statutory jurisdiction, and that all the requirements of the statute must be substantially complied with.

It follows upon the same principle that no jurisdiction can lawfully be exercised under this enactment unless conferred by express terms, or by fair and reasonable, at least, if not by necessary, implication.

The act makes no express provision for the refusal to produce documents. In such provision to be legitimately inferred from the words *"refuse to answer such questions as may be propounded?"*

No light is thrown upon this inquiry by the words, subsequently introduced, *"refusal to testify."* It is evident from the immediate context that these words relate back to the expression above quoted, and were not designed to have, and do not have, the effect of expanding its content or advancing its construction.

Here it is to be observed that this proceeding is auxiliary to a suit pending in the Wisconsin Court, and that it is claimed on the one side and conceded on the other that by the law of that State applicable to the examination of parties before trial, the president of a party corporation is put upon the exact footing of a party to the suit. John R. Bland, president of a corporation, co-defendant in this case, is the party whose refusal to testify before the examining notary is the foundation of this proceeding, and his refusal to testify consists in a refusal, under the advice of counsel, to produce certain documents called for, and a refusal, under every possible form of interrogatory, to disclose their contents.

Now, in determining the question whether the production or discovery of documents by a party to the suit, in advance of trial of the suit in another State, can be compelled by attachment of the person under a law which makes no express provision for production of documents, but leaves such provision as an inference to be drawn or not drawn from the language above quoted, as the subject matter and context under received canons of interpretation may seem to require, we naturally look, for collateral help, to other provisions of the Code *in pari materia.*

And here we find the subject of production or discovery of documents by a party to a suit, in advance of trial, distinctly made a matter of substantive legislation, both as regards suits in equity and actions at law, pending in courts of Maryland, and we further find that the power to compel such discovery is carefully guarded from abuse by apt requirements, and that a refusal

to make such discovery is not punished by attachment of the person, which is the result aimed at by this present proceeding, but is merely followed by a decree *pro confesso*, or a judgment by default (Md. Code, Art. 16, Sec. 24, 25; Art. 75, Sec. 94, 95).

From the legislation cited it is quite apparent that, so far from the inference in question being an irresistible or a necessary inference, (namely, that a provision for the production or discovery of documents, must necessarily be read into that section of the Evidence Act in question), that inference is one, at least in a case where a party to the suit is the subject of the proceeding, which cannot fairly or reasonably, or legitimately be drawn, since to read such a provision into a statute designed for the benefit of non-resident suitors, or in aid of judicial proceedings outside the limits of this State, would render that statute inconsistent with the letter and repugnant to the spirit of other laws relating to discovery by parties to suits both at law and in equity in a Maryland forum.

Such construction will therefore not be forced by intendment upon a silent statute, in aid of a non-resident suitor in a tribunal of another State, upon the obvious principle of common sense that to treat the courts and citizens of other States as well as we treat our own courts and citizens is to discharge all the obligations of justice and comity.

If it be objected that in this present action the benefit of the discovery laws cited cannot be had by the plaintiff, the plain answer is that the courts of this State are at the plaintiff's service, and that in any action brought here the benefit of those laws would be to the fullest extent available.

So far as the records of the courts of Baltimore disclose, this case presents the first example of an attempt to coerce the production of documents under the law in question, by a party.

No case has been found on either side very much in point. Some authorities have been referred to more or less instructive upon the general · question of the distinction between parties and other witnesses.

Goodman vs. Wineland, 61 Md. 455.

Mullin vs. Sanborn, 79 Md. 364.

Ex parte Adams, 7 Mich. 452.

Ex parte Fisk, 113 U. S. 713.

Birchoffschein vs. Brown, 29 Fed. Rep. 341.

Evans Practice, 348, 351.

The view above taken renders it unnecessary to consider a number of interesting questions discussed at bar with much ability and learning.

From the report of the examining notary it appears that the party has no knowledge of the matter in issue other than that derived from the written application and letters referred to.

The petition therefore will have to be dismissed, and it is so ordered.