(Decided 29th February, 1884.)

PHILIP GOODMAN *vs.* MARX WINELAND and HARRIET L. S. WINELAND, his WIFE.

*Voluntary conveyance by Party indebted at the time—Presumption of Fraud—Burden of Proof—Practice in Equity—Hindrance to Creditors—Weight to be given to the Finding of a Jury upon an Issue sent from a Court of Equity—Sec. 35, of Art. 16, of the Code—Right of a Non-resident Plaintiff to have his Testimony taken under a Commission.*

The motive or purpose with which a voluntary transfer of property is made, by a party indebted at the time, is not material. Such a

Goodman *vs.* Wineland and Wife.

conveyance, irrespective of the actual intent of the debtor, is *prima. facie* in fraud of creditors.

The presumption of fraud may be repelled by proving, that the grantor, at the time of the gift, was possessed of other means, amply sufficient to pay his debts; and the *onus* of so proving is upon those seeking to uphold the gift.

In a bill in equity, brought to set aside a voluntary conveyance as in fraud of creditors, it is not necessary to aver that the grantor was. not at the time of filing the bill, as well as at the date of the execution of the conveyance, possessed of ample means outside, to pay all his creditors. The date of the impeached conveyance is the particular time when the sufficiency of the debtor's means is to be inquired into.

It is a *hindrance* to creditors for a debtor to dispose of his real property and tangible chattels, which are readily subjected to execution, and compel them to rely upon merely personal obligations, with the risks and the necessity for numerous attachments usually incident to such a resource.

Where in a proceeding in equity to vacate a conveyance as in fraud of creditors, an issue is sent under the provision of section 35, of Article 16, of the Code, to a Court of law for a jury to determine the question of the indebtedness of the plaintiff, the finding of the jury is entitled to great weight and ought to prevail whenever the Court of equity is not clearly convinced that it is erroneous. Mere doubts of its correctness should not prevail against it.

While a non-resident plaintiff has not an absolute right to have his. testimony taken under a commission, he should be allowed to do so, in the sound discretion of the Court, upon his making it satisfactorily to appear that by reason of permanent inability he is. unable to attend the Court in person.

APPEAL from the Circuit Court for Allegany County, in Equity.

This is an appeal from a decree of the Court below (SYESTER, J.,) dismissing the bill of complaint, and requiring each party to pay his own costs. The case is stated in the opinion of this Court.

The cause was argued before MILLER, YELLOTT, ALVEY,. IRVING, and RITCHIE, J.

*William Brace,* for the appellant.

*J. Frank Seiss,* and *William Walsh,* for the appellee, Mrs. Wineland.

RITCHIE, J., delivered the opinion of the Court.

The bill in this case was brought to set aside a deed and bill of sale made by Marx Wineland to his wife, and to subject the property conveyed, to the payment of debts due from Wineland to Goodman, the complainant, at the time of their execution, upon the ground that said conveyances, being voluntary and without consideration, and made when Wineland was so indebted, their legal effect, without charging they were made with such actual intent, was to delay, hinder and defraud his creditors.

Some of the questions of law raised in the case by the appellees may be appropriately considered here.

Objection was urged to the sufficiency of the bill because it contains no allegation that Wineland executed the conveyances with fraudulent intent.

The motive or purpose with which a voluntary transfer of property is made by a party indebted at the time is not material. The legal effect of such a conveyance is, that, without reference to the actual intent of the debtor, it is *prima facie* in fraud of creditors. This presumption of law may be repelled by proving, that the grantor, at the time of the gift, was possessed of other means amply sufficient to pay all his debts, and the *onus* of so proving is upon those seeking to uphold the gift. *Baxter and Wife, et al. vs. Sewell,* 3 *Md.,* 334; *Williams vs. Banks,* 11 *Md.,* 198; *Whedbee vs. Stewart,* 40 *Md.,* 414.

It is also contended by the appellees that the bill is defective because it does not aver that Wineland was not at the time the suit was brought, as well as at the date of the execution of the conveyances, possessed of ample means outside to pay all his creditors, upon the theory

○

that although unable to do so at the date of the conveyances, if between that time and the filing of the bill he had, either by acquiring more property or by reducing his indebtedness, become able to pay his debts, the complainant had no longer the right to resort to equity, but must seek the satisfaction of his claim through proceedings in a Court of law.

We think such an averment unnecessary. The prejudice to the creditor is occasioned by the making of the conveyance, and his right to proceed by a bill in equity to vacate it thereupon attaches. The jurisdiction of a Court of equity thus established is not thereafter contingent upon the fluctuations that may attend the value of the grantor's property. Otherwise, the creditor from day to day might in turn have, lose and regain his right to proceed according to the shifting condition of his debtor's means. He is subjected to no such uncertainty. If it should appear from the proof in the cause that the debtor, although unable to pay his debts at the time of the conveyance, was at the time of filing the bill abundantly able to do so from property outside the conveyance that could be readily subjected to the satisfaction of his debts, the Court might in its discretion so frame its decree by limiting a day for the payment of the claim, or otherwise, as to preserve to the grantee the property conveyed to him while at the same time securing the creditor; but this implies no want of jurisdiction, and is very different from dismissing his bill and remitting the creditor to a suit at law, pending which the debtor might lose or dispose of the very property which caused the dismissal of the bill. The protection of the creditor from the hazards attending the delay of making his claim by judgment and execution, was a leading object in enacting *sec. 2, ch.* 380 *of Act of* 1835 (*Rev. Code,* 649,) which enables him to proceed at once in equity to vacate a deed made to his prejudice and obtain through decree the satisfaction of his debt.

In addition to the above mentioned Maryland cases, which impliedly indicate the date of the impeached conveyance as the particular time for enquiring into the sufficiency of the debtor's means, may be cited as of similar import, *Bump on Fraud. Con.*, 284; *King vs. Thompson*, 9 *Peters*, 204; *Posten vs. Posten*, 4 *Whart.*, 27.

It is further to be observed, that in showing the debts due to Wineland they are not such means as can be considered equal to real and personal property, such as was conveyed to his wife, in their availability to creditors for the prompt satisfaction of their claims. It is a "hindrance" to creditors for a debtor to dispose of his real property and tangible chattels, which are readily subjected to execution, and compel them to rely upon merely personal obligations, with the risks and the necessity for numerous attachments usually incident to such a resource. *Bullett vs. Worthington*, 3 *Md. Chan. Dec.*, 99; *Warner, et al. vs. Dove, et ux.*, 33 *Md.*, 586.

The learned Judge from whose decree this appeal was taken, while stating in his opinion that the conveyances from Wineland could not be supported on the ground that his wife had such an ownership of the money with which the property was originally bought, as to make her husband her debtor, or create a resulting trust in her favor, and that they must therefore be declared voluntary, proceeds to dismiss the bill for the reason that the complainant has failed to establish a sufficient amount of the alleged indebtedness. This conclusion he arrives at by rejecting the testimony of the complainant because taken under a foreign commission, and by discrediting the testimony of Wineland and of the witness Rich, whom he suspects of collusion.

There are circumstances which may justly subject the testimony of these two last-named witnesses to some suspicion, but the doubts excited do not seem to warrant the idea of a fabrication of the notes from Wineland to Good-

man; nor are they sufficient to overcome the *prima facie* evidence of indebtedness they furnish; neither is the attempt to show they have been paid established by a preponderance of the testimony.   The conclusion reached by the Judge is at variance with the findings of the jury upon the issues sent to them to be tried; but he does not regard their findings as binding upon him.

Whether under the *Act of* 1835, *ch.* 380, (*sec.* 35 *of Art.* 16 *of the Code*) which provides that on application of any of the parties interested in a proceeding such as this, issues *shall* be sent to a Court of law for a jury to determine the question of indebtedness, their verdict is conclusive, it is not material to decide in this case.   Such findings are at least entitled to great weight and ought to prevail whenever the Court of equity is not clearly convinced they are erroneous.   Mere doubts of their correctness should not prevail against them.   *Hoffman vs. Smith,* 1 *Md.,* 489.   We see no sufficient reason why they should not be adopted in the present case.   The parties were subjected to the expense and labor of a jury trial of more than a week's duration, in which was submitted a great mass of conflicting testimony upon alleged fraud and other questions of fact eminently suitable for the consideration of a jury.

Accepting the findings of the jury, we regard as established, that Wineland was indebted to the complainant for money loaned at the time of his making the conveyances to his wife, in the sum of $13,120, and that he had not at the date of their execution other property sufficient to pay his then subsisting creditors.   As we also concur in the view of the Court below that the deeds from Wineland to his wife are to be deemed voluntary, it follows that we think the bill of complainant should be sustained, and that he is entitled to the relief prayed for.

It is true that the testimony of the complainant, taken under a commission to Philadelphia, and which is rejected

by the Judge of the equity Court, was allowed to go before the jury in the trial of the issues. But even if its admissibility could be subsequently overruled in the equity Court, notwithstanding the provision (*Code, Art.* 5, *sec.* 5,) for an appeal to this Court on exceptions to testimony on the trial of issues, (not availed of in this case,) we are nevertheless of opinion that apart from Goodman's testimony, and weighing the evidence independently of the conclusions of the jury, the proof is sufficient to establish the claims of the complainant. Whether therefore the commission was properly issued or not, we do not consider a vital question in this case; and feel clear, as above announced, in recognizing the finding of the jury on the issue of indebtment as a satisfactory determination of it.

As to the right of a plaintiff or complainant residing out of the State to have his testimony taken under a commission, which right was disputed by the defendants when the application for such a commission was made by Goodman, we do not concur in the reason the learned Judge (PEARRE, J.,) assigned for granting the commission. He placed it broadly on the ground that under the statute enabling parties to testify, no distinction is to be made between them and ordinary witnesses in the issuing of commissions. While suitors are competent as witnesses, they do not lose their relation to the case as parties, and their capacity as witnesses must be exercised subject to such abridgment or modification as springs from their twofold character. To allow a plaintiff at his mere option to remain at home in a foreign jurisdiction and have his testimony taken, with the disadvantages and expense entailed upon a defendant by proceedings under a commission, would often result in great hardship and oppression to the latter. Supposing the plaintiff to reside in California or in some place equally remote, this is plainly apparent. As a general principle, in contemplation of law the plaintiff is within the jurisdiction of the Court

wherein he sues, and actually present in person or by attorney in the conduct of the cause; and to permit him to prosecute his suit, and yet have himself dealt with as one outside the jurisdiction and beyond the process of the Court he is employing to recover a judgment, is an anomaly inconsistent with a sound construction of the rights of suitors. But while this is so, to take the position that in no case can the plaintiff's testimony be taken by commission would frequently work a denial of justice. In case of extreme old age, chronic infirmity or other permanent disability, where his personal attendance in Court would be impossible, although his right to bring his suit could not be questioned, unless the plaintiff were allowed to testify at his place of residence, he might be deprived of his only means of establishing his demand, and thus be left without remedy against a possibly dishonest defendant.

The true rule would seem to be that while a non-resident plaintiff has not an absolute right to have his testimony taken under a commission, he should be allowed to do so, in the sound discretion of the Court, upon his causing it satisfactorily to appear that by reason of permanent inability he is unable to attend the Court in person.

*Decree reversed, and cause remanded, that a decree may be passed in conformity with the aforegoing opinion.*

(Decided 25th March, 1884.)