## BALTIMORE CITY COURT

Filed September 8, 1890.

UNDERHILL, TRADING AS FREE-MONT CANNING CO.,
VS.
PITT BROTHERS & COMPANY.

*Hyland P. Stewart* for plaintiff.

*Joseph C. France* for defendants.

HARLAN, C. J.—

A foreign commission was issued in this case on February 25th, 1890. The commission was returned and opened on March 21, 1890. On May 24, 1890, the defendant filed a general exception to the commission so far as the plaintiff's testimony taken thereunder is concerned. The ground of exception is, that a plaintiff has no right to have his own testimony taken under a foreign commission without having first obtained an order of Court for that purpose passed upon, special cause shown and after notice to the opposite party; and this contention seems to me to be fully sustained by views expressed by the Court of Appeals in Goodman vs. Wineland, 61 Md. 455. It seems proper to quote at large from that case: "As to the right of a plain-tiff residing out of the State to have his testimony taken under a commission, which right was disputed by the defendants when the application for such a commission was made by Goodman, we do not concur in the reason the learned judge assigned for granting the commission. He placed it broadly on the ground that under the statute, enabling parties to testify, no distinction is to be made between them and ordinary witnesses in the issuing of commissions. While suitors are competent witnesses, they do not lose their relation to the case as parties, and their capacity as witnesses must be exercised subject to said abridgment or modification as springs from their two-fold character. To allow a plaintiff at his mere option to remain at home in a foreign jurisdiction and have his testimony taken, with the disadvantages and expense entailed upon a defendant by proceedings under a commission, would often result in great hardships and oppressions on the latter. Supposing the plaintiff to reside in California, or in some place equally remote, this is plainly apparent. As a general principle, in contemplation of law, the plaintiff is within the jurisdiction of the Court wherein he sues, and actually present in person or by attorney in the conduct of the cause; and to permit him to prosecute his suit and yet have himself dealt with as one outside the jurisdiction and beyond the process of the Court he is employing to recover a judgment, is an anomaly inconsistent with a sound construction of the right of suitors. But while this is so, to take the position that in no case can the plaintiff's testimony be taken by a commission would frequently work a denial of justice. In case of extreme old age, chronic infirmity or other permanent disability, where his personal attendance in Court would be impossible, although his right to bring his suit could not be questioned, unless the plaintiff were allowed to testify at his place of residence, he might be deprived of his only means of establishing his demand, and thus be left without remedy against a possibly dishonest defendant. The rule would seem to be that while a non-resident plaintiff has not an aboslute right to have his testimony taken under a commission, he should be allowed to do so, in the sound discretion of the Court, upon his causing it satisfactorily to

appear that by reason of permanent inability he is unable to attend the Court in person." In the case at Bar no special application was made to the Court, no opportunity given to exercise its discretion and no special cause was attempted to be shown why the plaintiff's testimony should be taken under a commission and no order of Court was obtained directing the issuing of the commission.

The plaintiff's counsel having served a copy of the interrogatories upon the defendant's counsel, filed them in Court with admission of service endorsed thereon, on February 12, and after the expiration of more than ten days, on February 25, 1890, no cross-interrogatories being filed, the commission was issued by the clerk ex parte. The plaintiff's counsel insists that this course was in accordance with the practice of the Court as established by Rule 25, that no other application than the filing of the interrogatories with the witnesses, together with the names of the commissioners and the place to which the commission is to go, was necessary and that the defendant having been served with a copy thereof, thereby had notice of his intention to have the plaintiff's testimony taken under a commission, and should have excepted to the same before it was issued, and that not having done so, he cannot be heard to object now. But is is manifest that Rule 25, viewed in the light of the doctrine announced in Goodman vs. Wineland, cannot be relied on as sanctioning the issuing of a commission to take testimony of the plaintiff himself as a matter of course by the clerk upon the simple filing of interrogatories that have been served upon the defendant and the lapse of the required ten days without filing cross-interrogatories. Where the commission desired has this object, the Court must be "satisfied of the propriety thereof" by the showing of some such special cause as the Court of Appeals have indicated to be necessary to secure the judicial permission. If the obligation to show special course rests, as it must, upon an applicant for the commission, surely the opposing party cannot be held to have lost his right to except to a commission which issued without any cause whatever being shown, simply because he did not object beforehand to the doing of that which was unauthorized and which he

had no right to anticipate would be done. But the plaintiff further insists that under the last clause of Rule 25 the defendant's exception is not in time. This clause reads: "If a commission shall have been returned and opened and notice thereof had by the opposing party, 15 days before the next succeeding return day, exceptions to the execution and return thereof shall be filed on or before the day following said return day." It appears by the testimony of the plaintiff's counsel that the firm of the defendant's counsel had notice of the return of the commission on the day it was filed. It seems a sufficient answer to this contention to say that the exception here is not to the mode of the execution and return of the commission but to the right of the plaintiff to use as testimony his own evidence taken under a commission without the authority of the Court. Testimony which is taken under a commission is not the best evidence, and if the witness is present in Court, or accessible, his deposition cannot be offered. The plaintiff himself being in contemplation of law present at the trial, and there being nothing to show "that by reason of permanent inability he is unable to attend the Court in person," the object here made goes to the character and admissibility of the evidence and not simply to the execution and return of the commission. Another suggestion of the defendant's counsel requires a word. It is, that if the Court be of opinion that an order would have been signed if asked for, upon a statement of the facts in this case, then a *nunc pro tunc* order may yet be passed in this cause, upon the principle that what has been properly done without an order of Court for which the Court would have given an order if requested, it will ratify after it is done. It is necessary to decide upon the application of the principle here contended for, because the facts could not, in my opinion, justify the exercise of the power, even if it existed. The only reason alleged for allowing the plaintiff to testify at his home, is the comparative expense of a personal attendance and the small amount involved in the controversy. I know of no case that will offer a precedent for this suggestion, certainly it receives no sanction, in my judgment, from Goodman vs. Wineland. Exceptions to plaintiff's testimony sustained.