# THE BOKEL, GWYNN, McKENNEY COMPANY *v.* COSTELLO.*

FRAUDULENT CONVEYANCES; REARREST UNDER CA. SA.

1. A deed by an otherwise insolvent debtor to his brother for a nominal consideration, but stamped with a $1 war revenue tax stamp, of his one-fifth interest in real estate worth from $20,000 to $25,000, but encumbered by a deed of trust indebtedness amounting to $18,000, which deed was made but not recorded on the day on which a trial of a creditor's suit against him was to be had before a justice of the peace, and was followed by his uniting, three days later, in the execution of a second deed of trust on the property by all of the owners thereof, the deed of trust being recorded before the deed, is presumptively fraudulent; and where the issue is as to the bona fides of the deed and the debtor offers no evidence, the trial court errs in directing a verdict in his favor.

2. Where a debtor is arrested under a ca. sa. for the alleged fraudulent conveyance of his property with intent to hinder and delay the payment of his debts, as provided for in §§ 794, 795 D. C. Rev. Stat., and

---

*Fraudulent Conveyances.*—As to fraudulent conveyances in general, see the presentation of the authorities in the following editorial notes: As to burden of proof as to validity of transfer of property by husband to wife, note to *Adoue* v. *Spencer*, 56 L. R. A. 817; as to right of creditor to buy property of his debtor in satisfaction of the debt, note to *Feder* v. *Ervin*, 36 L. R. A. 335; as to effect of participation by creditor in fraudulent intent of debtor, note to *Rice* v. *Wood*, 31 L. R. A. 609; as to participation by purchaser in fraud of debtor which will invalidate transfer for good consideration as against the vendor's creditors, note to *Kansas Moline Plow Co.* v. *Sherman*, 32 L. R. A. 33; as to right of action by general creditors to recover damages against third party on account of his fraud in disposing of debtor's property, or preventing plaintiff from collecting his claim, note to *Field* v. *Siegel*, 47 L. R. A. 433; as to intent to hinder, delay, or defraud, note to *Gilliland* v. *Fenn*, 9 L. R. A. 413.

on the trial of an issue framed under the statute to determine whether
he had made such a fraudulent conveyance, the trial court directs a
verdict for the debtor, quashes the writ, and discharges him from
custody, and the creditor appeals, a contention by the debtor that the
question raised on the appeal is merely an academic one, since he,
having once been discharged, cannot be rearrested, is untenable, being
to the effect that an erroneous decision by the trial court in such
cases will oust this court of jurisdiction on appeal.

Submitted April 15, 1903.   Decided May 6, 1903.

HEARING on an appeal by the plaintiff from a judgment of the
Supreme Court of the District of Columbia, quashing a writ of
ca. sa. and discharging the defendant from custody in a proceed-
ing brought by a creditor under §§ 794, 795 D. C. Rev. Stat.
charging the defendant with fraudulently conveying his prop-
erty with intent to hinder or delay the recovery or payment of his
debts.                                                     *Reversed.*

The COURT in the opinion stated the case as follows:

This cause, out of which the proceedings now before us have
grown, and which shows the remarkable case of a probable expen-
diture of several hundred dollars to avoid the payment of a com-
paratively small claim of $100.50, the justice of which seems
never to have been contested, was commenced before a justice of
the peace on May 2, 1901, and after several continuances re-
quested by the defendant, John F. Costello, the appellee here,
coupled with a promise to pay the debt, resulted in a judgment
for the plaintiff, here the appellant, on May 11, 1901, for the
amount of the claim.   A writ of fieri facias was issued on the
judgment, which was returned *nulla bona*.   Thereupon, in ac-
cordance with the provision of the statute to that effect, a tran-
script of the judgment was filed in the office of the clerk of the
supreme court of the District of Columbia, as preliminary to
further proceedings therein in that court.   Another writ of fieri
facias was there issued, and a return of *nulla bona* was likewise
made thereon.

In the meantime, by a deed executed on May 4, 1901, which

was the same day on which the writ of summons which had been issued by the justice of the peace and served upon the appellee was made returnable, the appellee, for the merely nominal consideration of $10, conveyed to his brother, Jeremiah A. Costello, the only property which he had, which was an undivided one-fifth interest in parts of lots 19 and 20, in square 455, in this city. This deed was recorded on May 8, 1901. The property in which the appellee held this one-fifth interest was owned at the time by him, his two brothers, and two sisters, as tenants in common, and was of the value of about $20,000 or $25,000. It was shown to have had on it, about six or seven months previously, a mortgage of $18,000; but whether this mortgage had been paid or yet remained an encumbrance on the property does not appear.

On May 7, 1901, notwithstanding this previous deed, the appellee united with his brothers and sisters in the execution of a deed of trust by way of mortgage on the entire property to secure an alleged indebtedness of $2,500 to Richard A. Johnson, payable in six months thereafter with interest thereon; and this deed was recorded on the afternoon of the same day the previous deed being retained from record until the following day.

Thereupon, under §§ 794 and 795 of the Revised Statutes of the United States for the District of Columbia (U. S. Comp. Stat. 1901, p. 619), then in force, which provided for the arrest and detention of debtors fraudulently conveying away their property, the plaintiff company sued out a writ of capias ad satisfaciendum against the defendant, and caused the defendant to be arrested under it and to be held in custody by the marshal. The defendant then sued out a writ of habeas corpus addressed to the marshal; and upon the return of this writ, pending a hearing on the merits, which seems to have been postponed from time to time until January 22, 1902, the defendant was enlarged on bail. Finally, the hearing was had on the day last mentioned, whereupon the writ of habeas corpus was discharged, and the defendant was remanded to the custody of the marshal. The defendant appealed to this court, with the result that the order of the court below remanding him to the custody of the marshal was

affirmed.   The case is found reported under the title of *Costello*
v. *Palmer,* 20 App. D. C. 210.

The proceedings in the case of *Costello* v. *Palmer* were col-
lateral to the main suit.   When these were terminated the main
suit was resumed.   In this suit, as preliminary to the issue of
the writ of capias ad satisfaciendum already mentioned, the
plaintiff company had filed an affidavit to the effect "that after
the institution of said suit and before the obtaining of said judg-
ment, the defendant, John F. Costello, conveyed away, lessened,
and disposed of his property, rights, and credits, as the plaintiff
believes and affiant avers, with intent thereby to hinder or delay
the recovery of its debt."   The affidavit proceeded to state the
deed of conveyance heretofore mentioned from John F. Costello
to his brother; that no consideration had passed from the latter to
the former, and that the defendant had become wholly insolvent
and had no assets out of which the plaintiff's judgment could be
satisfied.

The defendant now filed a counter affidavit, denying the alle-
gations of the plaintiff's affidavit; and thereupon an issue was
framed under the statute to be tried before the court and a jury,
which was in the following terms:

"Did the defendant, John F. Costello, on or about the 4th day
of May, 1901, convey away, lessen, or dispose of to his brother,
Jeremiah A. Costello, his property, rights, or credits, with intent
thereby to hinder or delay the recovery or payment of the debts of
the said John F. Costello?"

At the trial the facts, as hereinbefore stated, were proved by
the plaintiff, and it was shown that the defendant was insolvent.
There was no testimony offered on behalf of the latter; but a
motion was made by his counsel to the court to direct a verdict
in his favor.   This was accordingly done, and an order was there-
upon made quashing the writ of capias ad satisfaciendum, and
discharging the defendant from custody.

The plaintiff has appealed to this court.

*Mr. Levi H. David* for the appellant.

*Mr. Henry E. Davis* and *Mr. Crandal Mackey,* for the ap-
pellee:

1. No matter whether the court below erred or not, the appellee can never again be lawfully imprisoned in the present case, and therefore, the question of whether the justice erred is only an abstract question of law. It is settled law (and the appellant can find no case to the contrary, and has found none in any brief filed in this case) that no man can be twice arrested on a ca. sa. in the same cause of action. The only exceptions to this rule are: 1, where the defendant has escaped; 2, been rescued from the sheriff; 3, procured his release by fraud on the creditor; 4, where the writ or process was irregularly issued, an irregular writ being no writ. Year Book 33, Hen. VI. by Danvers; 14 Hen. VII; 3 Bl. Com. p. 415; *Foster* v. *Jackson,* 52 Hobart; *United States* v. *Watkins,* 4 Cranch C. C. 271; *Magniac* v. *Thompson,* 15 How. 281; *Wells* v. *Gurney,* 8 Barn. & C. 769; *Wright* v. *Ritterman,* 4 Robe. 704. See also *Re Niebezahl,* 57 How. Pr. 328; *Coburn* v. *Palmer,* 10 Cush. 273; *David* v. *Blundell,* 39 N. J. L. 614; *Haines* v. *Woldo,* 4 Yeates, 206; *Butterworth* v. *White,* 2 Miles, 141. This case is similar in all respects to the case of *McGilvey* v. *Morehead,* 2 Cal. 609. In that case the defendant had been arrested under a similar statute prescribing the issuance of the writ of capias ad satsfaciendum in cases like the one at bar. Because of the insufficiency of the affidavit upon which the writ issued the district court discharged the defendant. The plaintiff took an appeal and the appellate court said: "When a party is once arrested and discharged he cannot be again arrested in the same action." See also Freeman, Executions, ¶ 467.

2. The court below was justified in directing a verdict in favor of the appellee, there being no testimony to show that the transfer was not known by all. *Glennan* v. *Glennan,* 3 App. D. C. 333.

Mr. Justice MORRIS delivered the opinion of the Court:

We are not advised upon what ground the trial court proceeded in directing a verdict for the defendant in this case; but, of course, it must have assumed that there was no sufficient testimony to go to the jury on the question of the defendant's intent

to hinder or delay the recovery or payment of his debts, for the testimony is plainly conclusive that he conveyed away, lessened, and disposed of his property. We are constrained to differ from the learned justice who tried this case in the court below. We think there was ample testimony to go to the jury upon the question of intent. In fact, we are disposed to think that if he had instructed the jury to return a verdict for the plaintiff, it would not have been error.

As has been repeatedly remarked, intention is not a thing subject to be proved by direct and positive testimony. It is almost always to be inferred from circumstances and the time and circumstances of the transactions of the present case leave little or no doubt of the fraudulent purpose of the appellee. On the very day on which the trial was to be had before the justice of the peace, he executed a deed of all the property which he had for a grossly and confessedly inadequate consideration; and yet, when three days afterwards all the owners of the property were required to join in a deed of trust, he united in this deed of trust instead of causing the previous deed to be placed on record. It does not avail him, of course, that a consideration of ten dollars is usually understood to be a merely nominal consideration, behind which the true consideration is veiled and kept secret. It was open to him to show the true consideration, if any such there was, which may well be doubted; but until the true consideration is shown, the world is entitled to take him at his word, and to regard the nominal sum mentioned as the only consideration; and this, of course, in the present case was grossly inadequate. Or, if this sum is to be regarded as a merely fictitious thing to make the deed operative under the statute of uses, then the prima facie proof on behalf of the plaintiff is that no consideration at all was paid, and that the deed was a mere voluntary conveyance, whose only purpose under the circumstances must have been to hinder and delay creditors. It was incumbent on the defendant to explain the transaction, and failing to explain it, he must be regarded as admitting the prima facie case against him.

Reference is made on behalf of the appellee to the fact that

the deed bore an internal revenue stamp for $1 as tending to show the real consideration for the conveyance. But litigants are not required to rely upon inferences based upon inferences—the assumption that the parties to this deed of conveyance complied honestly with the internal revenue laws of the United States, and that, in compliance with them, they placed the proper revenue stamp on this document.

That such a deed of conveyance as that here in question, made under the circumstances which appear in this case, is, in the absence of satisfactory evidence to the contrary, prima facie a fraud upon creditors, is the dictate of reason which is amply supported by the authorities. These authorities have been industriously and carefully collected in the brief of counsel for the appellant —at least some of them have been, for the authorities on this subject are almost innumerable. See *Goodman* v. *Wineland,* 61 Md. 449; *Ellinger* v. *Crowl,* 17 Md. 361; *Worthington* v. *Bullitt,* 6 Md. 172; *Earnshaw* v. *Stewart,* 64 Md. 513, 2 Atl. 734; *Hoye* v. *Penn,* 1 Bland Ch. 28; *Baltimore* v. *Williams,* 6 Md. 235; *Gebhart* v. *Merfeld,* 51 Md. 322; *Fuller* v. *Brewster,* 53 Md. 358; *Zimmer* v. *Miller,* 64 Md. 296, 1 Atl. 858; *Wagenhurst* v. *Wineland,* 20 App. D. C. 85; *Pilling* v. *Otis,* 13 Wis. 495; *Kimball* v. *Thompson,* 4 Cush. 441, 50 Am. Dec. 799; *Reeves* v. *Sherwood,* 45 Ark. 520; *Williams* v. *Osborne,* 95 Ind. 347.

The contention of the appellee that the question before us is in any event no more than an academic case, since, as he claims, the defendant having been discharged by the judgment of the court below can not again be arrested, is substantially an argument to the effect that, in this class of cases, an erroneous decision by the trial court is sufficient, by reason of its very error, to oust this court of jurisdiction in such cases on appeal. We do not think that this contention need to be here seriously considered.

Regarding, as we do, the ruling of the court below as erroneous, we must *reverse the judgment or order appealed from, with costs. The cause will be remanded for a new trial. And it is so ordered.*