I am unable to discern in the act of 1919 (P.L. 1919 p. 500) any substantial change in the law as theretofore *Page 52 
recognized and administered in this court in aid of creditors as against acts of debtors designed to hinder, delay or defraud them, except by the removal of the rule recognized in this jurisdiction prior to the enactment of that act which limited such remedies to judgment and attaching creditors. Section 10 of the act specifically extends the remedy there defined to creditors whose claims are not matured, and an earlier section of the act defines the word "creditors," as used in the act, as persons having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent. Until a creditor's claim shall become definitely determined and fixed, administrative remedies in the field of conservation are clearly contemplated by the act.
Nor am I able to discern any inherent difference between the act of a debtor in conveying his property to another without consideration to hinder, delay or defraud, his creditors, either present or prospective, and that of purchasing property and causing the title to be placed in the name of another for the purpose of hindering, delaying or defrauding present or prospective creditors. In either case the debtor is powerless to recover the property, as against the person to whom it has been so conveyed, and it is peculiarly a part of the duty of this court to adjudicate the validity of such transfers, as against creditors, and to protect, preserve and restore such property for their benefit.
The present motion to strike out is directed to the entire amended bill, and also directed separately to paragraphs 27 to 46, inclusive.
Paragraphs 1 to 26, inclusive, adequately disclose that complainant is a creditor within the contemplation of the act of 1919.
Paragraphs 28 to 42, inclusive, specify the several transactions in which the title to specific lands and mortgages which are in fact owned by the debtors of complainant have been placed in the name of others pursuant to a scheme or plan specifically defined by paragraph 27, which scheme is alleged to have been with intent to hinder, delay and defraud defendant's creditors. It is immaterial that some of these acts were prior to the time complainant became a creditor, if it *Page 53 
be true, as averred, that the acts were performed for the purpose alleged. Paragraphs 44 and 45 relate to proposed acts of defendant debtors to dispose of other assets to hinder, delay and defraud complainant, and paragraph 46 alleges their insolvency.
The averments of the bill touching the relations of defendant David Cohen and defendant Pennsylvania Mortgage and Loan Company, a corporation, are well within the principle, alike practical and philosophic, that the power to control action embraces the power to act.
The several motions against the bill will be denied.