## MANNIE E. LIPSKEY ET AL. *v.* NATHAN VOLOSHEN.

[No. 30, January Term, 1928.]

*Decided April 4th, 1928.*

The cause was argued before BOND, C. J., ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*J. Purdon Wright* and *Cornelius Mundy,* for the appellant.

*W. Calvin Chesnut,* with whom was *Vernon Cook* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This is an appeal from the Circuit Court No. 2 of Baltimore City, from an order overruling a demurrer to the bill of complaint.

The bill alleges that the appellee, Nathan Voloshen, is a creditor of the appellant, Mannie Lipskey, who conducted a real estate business under the name of Park Realty Company, that Lipskey was indebted to Voloshen on a note of the Park Realty Company for $1,500, which Voloshen was required to pay as endorser and on which he secured a judgment against Lipskey, and that Lipskey is further indebted to him on another note of the Park Realty Company and M. E. Lipskey for $1,000, which he paid as endorser but which, at the filing of the bill, according to the record, had not been reduced to judgment. The bill further alleges that Lipskey has been in failing financial circumstances, and is insolvent

and unable to pay his debts, and that there are pending against the properties in which he is interested numerous liens, generally second and third mortgages, and that the appellee has only recently learned that Lipskey has determined to divest himself of all his property for the purpose of defrauding, hindering, and delaying the plaintiff and other creditors, and to this end has executed numerous conveyances and assignments to friends and acquaintances without consideration, namely, three mortgages to Alfred Lowenberg; an assignment of a leasehold to Alfred Lowenberg; an assignment of another leasehold to Alfred Lowenberg; a conveyance from John B. Walter, executor, to Sydney Rosen, his brother-in-law, which is alleged to be a purchase by Lipskey and a conveyance to Rosen, his brother-in-law, for the purpose of defrauding Lipskey's creditors; an assignment of ten mortgages to Maurice S. Kirsch; an assignment of certain real estate from Lipskey to Kirsch—all of which conveyances and assignments are alleged to have been made without *bona fide* consideration, for the purpose of defrauding, hindering, and delaying the plaintiff and other creditors of Mannie Lipskey. The appellee further charges that Lipskey has deposited with the Pioneer Building & Loan Association the sum of $8,000 or thereabouts, in the name of Elmer Kalis, alleged to be a fictitious name, and that the deposit so made is in fact the property of Mannie E. Lipskey and was so deposited for the purpose of defrauding creditors. The appellee then prays: (a) That all of the deeds and assignments be declared fraudulent and void; (b) that the building and loan association deposit be declared the property of Mannie E. Lipskey; (c) that a preliminary and permanent injunction be issued against Mannie E. Lipskey to restrain him from transferring or assigning any other property belonging to him or standing in his name; (d) that a receiver or receivers be appointed to take charge of all the property of Mannie E. Lipskey as well as the properties heretofore mentioned; (e) that all the properties mentioned and all other properties coming into the hands of the receiver so appointed be sold or collected and the proceeds applied to the payment

of the debts of Mannie E. Lipskey in accordance with the practice of a court of equity in dealing with insolvent estates; (f) that the defendants, Lowenberg, Rosen, and Kirsch, and the Pioneer Building & Loan Association, be enjoined from transferring or disposing of any of the properties mentioned. The appellee filed with his bill, as exhibits, copies of all of the assignments, transfers, and conveyances, mentioned in the bill as having been made.

The appellant, Mannie E. Lipskey, demurred to the appellee's bill of complaint and to each and every paragraph thereof, and as cause of demurrer alleged: (1) That the facts alleged fail to constitute a cause of action; (2) that the plaintiff has not stated a cause of action which entitles him to relief; (3) that he seeks relief to which he is not entitled; (4) that the plaintiff is not entitled to have a receiver appointed for Mannie E. Lipskey. And the court passed an order overruling the demurrer and allowing the defendants who had not answered ten days within which to answer.

The appellee contends that the demurrer can only be considered as a demurrer to the whole and not to any part of the bill, and cites in support of this contention article 16, section 173, of the Code, wherein it is stated: "The form of demurrers shall be substantially as follows: 'The defendant demurs to the whole' or 'to so much of the bill or petition, or discovery or relief,' stating the particular parts demurred to and the special grounds of demurrer." It has been held by this court in *Hendrickson v. Standard Oil Co.*, 126 Md. 577, that a demurrer to the bill and to each paragraph thereof may be entertained in that form if "the specified causes of injury from which relief is sought are distinct and separable." This condition hardly exists in this case, as the list of conveyances and assignments made by the appellant, with the exception of the building association deposit, were all included in the fourth paragraph of the bill of complaint, the general statement of which, before detailing in the same paragraph the assignments and conveyances, is that "Mannie Lipskey has executed the following conveyances which, and all of which the plaintiff alleges are without consideration;

not *bona fide* conveyances, but conveyances made to friends and acquaintances of the said defendant for the purpose of defrauding, hindering and delaying the plaintiff and other creditors," which is certainly a sufficient allegation of the right of the plaintiff to file the bill under section 48 of article 16 of the Code. Then, too, the same charge of fraud is applied to each of the assignments.

The principal contention of the appellant is that the appellee is not entitled to the writ of injunction or the appointment of receivers in this cause, and particularly is not so entitled for the purpose of restraining the conveyance of any other property still belonging to the appellant, or for the appointment of a receiver generally for the purpose of winding up the affairs of the appellant.

The contention that the appellee is not entitled to the appointment of a receiver to wind up the affairs of Mannie Lipskey and take charge of properties still belonging to him, or to have an injunction to restrain him from disposing of such properties, is supported by the decisions of this court in *Uhl v. Dillon,* 10 Md. 500; *Hubbard v. Hubbard,* 14 Md. 356; *Frederick Bank v. Shafer,* 87 Md. 54; *Balls v. Balls,* 69 Md. 388, wherein it is said that the Act of 1835, ch. 380, now section 48 of article 16 of the Code, "clearly has no application where the thing complained of has not been executed, but rests merely in contemplation or intention."

The appellant contends that, under section 9 of article 39B of the Code (Uniform "Fraudulent Conveyance" Act), the appellee has an adequate remedy at law, inasmuch as that section provides that "Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may * * * (a) Have the conveyance set aside or the obligation annulled to the extent necessary to satisfy his claim; or (b) Disregard the conveyance and attach or levy execution upon the property conveyed." The appellee on the other hand asserts that his rights are justified under section 10, which is: "Where a conveyance made or obligation incurred is fraudulent as to a creditor whose claim has not matured, he may proceed in a court of competent juris-

diction against any person against whom he could have proceeded·had his claim matured, and the court may, (a) Restrain the defendant from disposing of his property; (b) Appoint a receiver to take charge of the property; (c) Set aside the conveyance or annul the obligation; (d) Make any order which the circumstances of the case may require."

It is provided by section 14 of article 39B that "nothing herein shall be construed to repeal * * * the provisions of article 16, section 48 of said Code relating to the method of establishing the creditor's claim." With the adoption of this act, it is said in *Morse v. Roach,* 229 Mich. 538, "the troublesome question of whether a levy should be made and a bill in aid of execution filed, or a creditors' bill filed upon return of an execution, or a bill with double aspect filed, has departed." *Gross v. Pa. Mortgage and Loan Co.* (N. J.), 137 Atl. 89; *Emmi v. Patane,* 220 N. Y. Supp. 495.

There is nothing in the Uniform Fraudulent Conveyance Act which indicates that there was any intention of the Legislature to relax the rules laid down for the exercise of the extraordinary remedies of injunction and receivership.

Section·192 of article 16 of the Code of 1904, now section 216 of article 16 of the Code of 1924, is: "The court may, at any stage of any cause or matter concerning property, real or personal, on application or of its own motion, pass such order as to it may seem fit with regard to the possession of the same." Of this section, this court held, in *Baker v. Baker,* 108 Md. 269, and in *Joyce v. Ragan,* 117 Md. 44, that "the statute did not mean to abolish the rules on the subject of the appointment of a receiver which this court has adopted and followed for so many years."

The right of the appellee to pursue his remedy in equity and not be compelled to resort to an action or actions at law is supported by *Goodman v. Wineland,* 61 Md. 449, 452, wherein this court said: "The prejudice to the creditor is occasioned by the making of the conveyance and his right to proceed by a bill in equity to vacate it thereupon attaches. The jurisdiction of a court of equity thus established is not thereafter contingent upon fluctuations that may attend the

value of the grantor's property. * * * If it should appear from the proof in the case that the debtor, though unable to pay his debts at the time of the conveyance, was at the filing of the bill abundantly able to do so from property outside the conveyance that could be readily subjected to the satisfaction of his debts, the court might, in its discretion, so frame its decree, by limiting a day for the payment of the claim or otherwise, as to preserve to the grantee the property conveyed to him while at the same time securing the creditor; but this implies no want of jurisdiction and is very different from dismissing his bill and remanding the creditor to a suit at law, pending which the debtor might lose or dispose of the very property which caused the dismissal of the bill. The protection of the creditor from the hazards attending the delay in making his claim by judgment and execution was a leading object in enacting section 2, chaper 380, of the Act of 1835 (Code of 1924, art. 16, sec. 48), which enabled him to proceed at once in equity to vacate a deed made to his prejudice and obtain through decree the satisfaction of his debt." See *Miller v. Marble Co.*, 52 Md. 646; *Miller's Equity Proc.* 173.

In the instant case we see ample reason for the issuance of the writ of injunction to restrain the assignees of the appellant's mortgages and the grantees of real and leasehold property, conveyed as alleged, without consideration, and the Pioneer Building and Loan Association, from disposing of any of the properties so assigned and conveyed to or held by them, pending the proceedings in this cause. There does not, however, appear in the bill such a state of facts as to convince us that, without a receivership, the appellee is in any well founded danger of loss, and in our opinion the order for a receiver of all the property should not be passed. Inasmuch as the bill as a whole contains allegations which, if true, entitle the appellee to relief, and there is no demurrer to so much of the prayers for relief as asks the appointment of a receiver, the order appealed from should be affirmed.

The appellant has made the contention that the Federal Bankruptcy law suspends the state insolvency laws and the appellee is thereby deprived of the remedy or relief sought in this case, because there is in the bill a charge of insolvency, against the appellant. It has been decided that the Bankruptcy Law does not deprive the state courts of jurisdiction in cases where relief is sought against a fraudulent conveyance at a time not within the four months' statutory period before bankruptcy. *Blick v. Nimmo,* 121 Md. 139; *Stellwaggen v. Clem,* 245 U. S. 605.

*Order affirmed with costs to the appellee, and case remanded for further proceedings.*