## ATLANTIC LUMBER CORPORATION et al. v. MANNES E. WAXMAN.

[Nos. 6-9, January Term, 1932.]

*Decided April 4th, 1932.*

The causes were argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, and SLOAN, JJ.

*Joseph T. Parr,* with whom were *Nathan Hamburger* and *Rome & Rome* on the brief, for the appellants.

*David Ash,* for the appellee.

Sloan, J., delivered the opinion of the Court.

On May 8th, 1931, the appellee, Mannes E. Waxman, filed his bill of complaint, wherein he alleged that he had obtained two judgments against the appellant Herman M. Meyer, "trading as The Atlantic Mill and Lumber Company," one for $2,050 on April 30th, 1930, the other for $4,580.25 on March 31st, 1931; that a writ of *fieri facias* was issued on the first of the judgments and returned *nulla bona;* that the appellant Meyer organized four corporations, the Atlantic Mill & Lumber Realty Company, the Atlantic Lumber Corporation, the Cottage Building & Loan Association of Baltimore City, and the Home Owners' Corporation, for the purpose of concealing and hiding therein and thereunder his property in fraud of the rights of his creditors and to prevent the collection of his debts. "That the intention in the formation of said bodies corporate was not *bona fide* but merely a simulation to prevent collection of debts due by said Herman M. Meyer"; that all of the corporations named were holding property and assets of Meyer, except the Home Owners' Association, which it is alleged was formed for the purpose of doing the same thing as the others, but there was no charge that it had anything belonging to Meyer. The charge was also made on information and belief that Meyer and the Atlantic Mill & Lumber Company were insolvent, and that the lumber business of Meyer was transferred to it in violation of the Sales in Bulk Act, Code, art. 83, secs. 100-104. The bill then prayed (a) discovery; (b) accounting; (c) a restraining order; (d) the appointment of a receiver or receivers for each of the defendants; (e) that the assets of the corporations be declared to be the property of Herman M. Meyer and the judgments of the appellee be declared liens on such assets; (f) general relief.

Each of the defendants filed general demurrers and gave eleven reasons, several of them duplications, why the demurrer should be sustained. The reasons assigned are that the facts alleged are insufficient for an accounting, restraining order, discovery, or receivership; that the allegations of

the bill are vague, indefinite, and ambiguous; that the charge of fraud is not founded on facts sufficiently alleged; and that the bill is multifarious.

The demurrers of all defendants except that of the Home Owners' Corporation were overruled, and all except it appealed, so that we have four appeals in one record. The demurrers are to the whole bill, and any allegations sufficient to give equity jurisdiction would result in their being overruled. *Hogan v. McMahon,* 115 Md. 195, 205, 80 A. 695; *McIntyre v. Smith,* 154 Md. 600, 672, 141 A. 405; *Miller's Equity Proc.* 172 and notes. The only grounds of demurrer which apply to the bill as a whole are that the charges of fraud are vague, indefinite, uncertain, and insufficient, and that the bill is multifarious, and, unless it meets one of these objections, the demurrer should be sustained; otherwise overruled.

The bill alleges, and certified copies of the docket entries filed show, that the appellee has recovered two judgments against Herman M. Meyer amounting to more than $6,500; that execution was issued on one of them and the sheriff was unable to find any property belonging to the judgment debtor on which to levy. The plaintiff then went into equity and filed a bill wherein he in effect said the debtor did have property, but that it was hidden away under the cover of several corporations through which the debtor was doing business as a sole trader, and that he was thus evading his creditors and avoiding his debts, and that it was being done for the purpose of defrauding his creditors.

These allegations are substantially all that are ever set up in a bill to set aside a fraudulent conveyance, though the method pursued by the debtor, if correctly described, is unique.

The appellants contend that the bill should be dismissed because the appellee has an adequate remedy at law by attachment or execution. By section 9 of article 39B (The Uniform Fraudulent Conveyance Act), it is provided that a creditor under such circumstances as are here recited may "(a) have the conveyance set aside or obligation annulled to

the extent necessary to satisfy his claim, or (b) disregard the conveyance and attach or levy execution upon the property conveyed." 9 Unif. Laws Ann. 179. This statute is in effect declaratory of the provisions of the Statute of 27 Elizabeth, cap. 4, against covinous and fraudulent conveyances, long in effect and consistently observed in this state. The contention was made in *Sakelos v. Hutchinson Bros.,* 129 Md. 300, 304, 99 A. 357, 359, that the "appellee's proper remedy is by attachment, and that, an adequate remedy at law being thus available, a court of equity has no jurisdiction in the case. The rule has been settled, however, that creditors may question, either by attachment or by bill in equity, the validity of a disposition of property by which their rights are prejudiced," and this is in terms what the Uniform Fraudulent Conveyance Act just quoted provides. As stated by Judge Miller in *Trego v. Skinner,* 42 Md. 426, 431: "We have no doubt, but that a creditor who has exhausted his remedy at law, by a fruitless execution on his judgment, has the right to ask the aid of a court of equity to discover and reach the equitable assets of his debtor, including property purchased by the debtor in the name of another, and to have fraudulent conveyances standing in his way, and covering up the property, set aside and vacated. Jurisdiction in equity to grant such relief is clear and established by abundant authority," and equity will retain jurisdiction to the end that a decree may be had for satisfaction of the debt. *Goodman v. Wineland,* 61 Md. 449, 452; *Lipskey v. Voloshen,* 155 Md. 139, 145, 141 A. 402.

The appellants now contend that, because provision has been made for supplementary proceedings by Code, article 75, secs. 147-152 (Act of 1890, ch. 558) to locate property or credits of a judgment debtor who "is concealing or has concealed or disposed of the same with intent to evade the effect of said judgment," equity no longer has jurisdiction in such cases. Provision is made by section 150 for relief "by orders in the nature of injunction, decree for specific performance, writ of mandamus, or for the appointment of a receiver." In some courts it has been held that statutory

proceedings supplementary to execution are exclusive, in others that the jurisdiction is concurrent, and that a creditors' bill may be maintained without first resorting to a proceeding at law. 15 *C. J.* 1386, 1400. If the contention of the appellants is correct, then the Act of 1890, ch. 558, is in conflict with section 9 of article 39B, which was passed by the Act of 1920, ch. 395, thirty years after the act now invoked by the appellants, and which provides for remedies in equity or by attachment and execution.

The decision in *Sakelos v. Hutchinson, supra,* was twenty-six years after the passage of the act of 1890, and there it was declared that resort may be had to either tribunal by creditors to question "the validity of a disposition of property by which their rights are prejudiced." If this were merely a question of concealment of property subject to attachment or execution and an examination brought for the purpose of locating it, there might be some point to the contention, but the charge is made in effect that the appellant Meyer has transferred his property to the other appellants in fraud of his creditors, and to place it beyond their reach, which is also the purpose of a fraudulent conveyance. In view of the fact that the decisions of this court since the passage of the Act of 1890, ch. 395, have approved both methods of attacking the conveyance or disposition of property in fraud of creditors, we hold that equity has jurisdiction in the instant case.

A ground of demurrer which relates to the bill as a whole is that it is multifarious. As Mr. Miller (*Equity Proc.,* 134) says: "There is no inflexible rule by which to determine whether or not a bill is multifarious. To say what constitutes multifariousness as an abstract proposition is, upon the authorities, utterly impossible. It is a question resting somewhat in the discretion of the court under the circumstances of each particular case." It "may be defined" (p. 133) "as the compounding of distinct matters in one bill; the blending of distinct demands; the improperly joining in one bill of independent matters." *Oakford Realty Co. v. Boarman,* 156 Md. 65, 69, 143 A. 644, 646. In the

instant case we have two demands reduced to judgment, in the name of the same plaintiff against one defendant, Meyer, so that it is now one obligation against one person. Efforts to levy on property of the defendant have been fruitless, and a creditors' bill is filed by the judgment creditor against these three corporations (the fourth having been dismissed), against which there is the charge that the judgment debtor has transferred his property to them in order to defraud the plaintiff and put the debtor's property out of his reach. While the bill is not definite as to just what property the corporate defendants hold, it is charged that everything they have is the debtor's, and that he has resorted to this method to avoid his creditors. It is therefore evident that there is the same demand made on all of the defendants, and that no one of them is called on to defend anything foreign to the charge that it is holding property of the debtor in fraud of his creditors. "A bill in equity brought to subject the debtor's estate to the lien of plaintiff's judgment, the estate having been fraudulently conveyed to various persons, is not multifarious because all the grantees are made parties." 2 *Beach Eq. Jur.,* sec. 910; *Story's Eq. Pl.* (10th Ed.), sec. 271a. The case of *Lipskey v. Voloshen,* 155 Md. 139, 141 A. 402, is an illustration of a bill filed against several grantees and assignees to whom conveyances and assignments were respectively made of various properties of the debtor, and the sale or disposition of the same enjoined pending the proceedings under the creditors' bill. In that case the property conveyed and assigned could be and was identified with more particularity than in the instant case, though in this case we consider the allegations of fraudulent transfer sufficiently certain to require the appellants to answer. In *Sears v. Barker,* 155 Md. 323, 141 A. 908, a demurrer to a bill was held to have been properly overruled wherein several parties to whom property was conveyed and through whom title passed were joined as defendants, on the theory that every one is a proper party who participates in the fraud, from the principals through any number of grantees, until the

property finds a resting place in the hands of a *bona fide* grantee or purchaser. 21 *C. J.* 396.

Another ground of demurrer is that the appellee is not entitled in this proceeding to an account or discovery. This is true, but as the demurrer is to the bill as a whole, if it is sufficient in other respects and, as we have pointed out, it is, a ruling with the appellants on this ground would not overthrow the bill. The prayer for an accounting and a discovery is on the theory that the corporate defendants are creditors of Meyer, the debtor, which is inconsistent with the main purposes of the bill to set aside the fraudulent transfer of his property to the corporations. The corporations, if debtors of Meyer, could be garnished and a full disclosure made in such a proceeding. *Becker v. Lipps,* 131 Md. 301, 101 A. 783.

Pending the determination of the proceedings, the right of the plaintiff to an injunction restraining the corporate defendants from disposing of any property of the principal debtors fraudulently in their hands has long been recognized in this court. *Hyde v. Ellery,* 18 Md. 496; *Lipskey v. Voloshen, supra.* Compare *Frederick County Nat. Bank v. Shafer,* 87 Md. 54, 39 A. 320. Whether a receiver or receivers for the corporate defendants should be appointed will depend upon what the proof as to their relations with the principal debtor discloses.

In the opinion of this court the bill sufficiently alleges the fraudulent disposal and transfer of the appellant Meyer's property to the other appellants, and, the bill not being multifarious, the order appealed from will be affirmed.

*Order affirmed, with costs to the appellee, and case remanded.*